THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CONRAD BLENZ *et al.* Plaintiffs in Error.

*Opinion filed June 18, 1925.*

1. PROHIBITION—*when motion to quash search warrants does not raise a constitutional question.* The mere fact that the State and Federal constitutions guarantee immunity from unreasonable search and seizure is not of itself sufficient to show that a constitutional question is raised whenever a motion is made to quash a search warrant; and where such motion is based on the contention that the warrant issued did not comply with the Prohibition act, and no claim is made that the statute is in violation of the constitutional provision, no constitutional question is raised which will give the Supreme Court jurisdiction to review a misdemeanor.

2. APPEALS AND ERRORS—*review will not be entertained on constitutional question previously determined.* Where a constitutional

question has been previously decided by the Supreme Court it will not entertain an appeal or writ of error for the purpose of again raising the same question.

3. SAME—*constitutional question must be raised in trial court.* Where a constitutional question is not first raised in the trial court it will not be considered on appeal or writ of error.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. JAMES S. BALDWIN, Judge, presiding.

REDMON & REDMON, and WHITLEY & FITZGERALD, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, CHARLES F. EVANS, State's Attorney, C. F. MANSFIELD, MERRILL F. WEHMHOFF, and A. R. IVENS, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error, Conrad Blenz and Carl Anderson, were convicted of violation of the Prohibition act. Blenz was fined $200 on each of six counts and committed to jail for a period of sixty days on each count, and Anderson was fined $200 on each of two counts and sentenced to serve sixty days in jail on each of said counts. They bring the cause here for review, contending that the court erred in refusing to quash certain search warrants issued, by which the dwelling of Blenz was searched, and in rulings on evidence and instructions to the jury. Defendant in error has filed a motion to dismiss this writ of error, or in the alternative to transfer the cause to the Appellate Court on the ground that the offense is a misdemeanor and that no constitutional questions have been raised. This motion was taken with the case.

Plaintiffs in error urge in opposition to the motion that a motion was made in the trial court to quash the search warrants and for return of the liquor seized thereunder, and that by such motion State and Federal constitutional questions were raised. An examination of the briefs shows that plaintiffs in error's contention here and in the trial court is

and was, that the search warrants should be quashed and the liquor returned because the search warrants did not comply with the Prohibition act.   It was not there and is not here contended that a valid search warrant may not issue in such a case; nor is it contended that the provisions of the Prohibition act providing for the issuance of such search warrant are invalid as violating the constitutional immunity against unreasonable search and seizure.   Where a constitutional question is not first raised in the trial court it will not be considered on appeal or writ of error.   (*People v. Berglin,* 309 Ill. 488; *Chicago-Sandoval Coal Co.* v. *Industrial Com.* 301 id. 389; *Cummings* v. *People,* 211 id. 392.)   The mere fact that the State and Federal constitutions guarantee immunity from unreasonable search and seizure is not of itself sufficient to show that a constitutional question is raised whenever a motion is made to quash a search warrant, where it was issued under a statute which the mover does not claim is in violation of such constitutional provision.   Whether the search warrants in this case were or were not properly sustained depends upon the construction of the Prohibition act providing for their issuance.   There is therefore no constitutional question involved in the case.   The constitutional requirements of a search warrant were discussed and decided in *People* v. *Castree,* 311 Ill. 392, and *People* v. *Elias,* 316 id. 376.   When a constitutional question has been previously decided by this court it will not entertain an appeal or writ of error for the purpose of again raising the same question.   (*People* v. *Fensky,* 290 Ill. 612; *People* v. *Powers,* 283 id. 438; *Dietz* v. *Big Muddy Coal and Iron Co.* 263 id. 480.)   The offense charged is a misdemeanor.   The punishment was by fine and imprisonment in the county jail.   There are therefore no questions giving this court jurisdiction.

The cause will be transferred to the Appellate Court for the Third District.

*Cause transferred.*