(No. 19541.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DEWEY BIRD *et al.* Plaintiffs in Error.

*Opinion filed June 19, 1929.*

GROVER E. HOLMES, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, and J. ADO WHITESIDE, for the People.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The State's attorney of Pope county filed an information in the county court under the Prohibition act, charging William Barger, Dewey Bird and Ruby Mouline with violation of the Prohibition act. The first count of the information charged defendants with the unlawful sale of intoxicating liquors. The second count charged them with the unlawful possession, for the purpose of sale, of intoxicating liquors fit for beverage purposes. The third count charged the unlawful transportation of intoxicating liquors. Defendants waived trial by jury and the cause was heard by the court, who found them guilty under the second count of the information, of possessing intoxicating liquors as charged in the information. Bird was fined $500, and upon his failure to pay the fine it was ordered that he be committed to jail. Barger was fined $300, and upon failure to pay the fine and costs he was to be confined in jail. Ruby Mouline was fined $500 and was ordered paroled and to leave Pope county for one year. Defendants have sued out a writ of error from this court to review the judgment.

Defendant Barger lived in a houseboat at the mouth of Lusk creek where it empties into the Ohio river, at Golconda. He was living in the boat and working on the river as a steamboat engineer, his hours being from six P. M. until six A. M. He was a married man, but he and his wife had separated some three months before and Ruby Mouline was employed by him as cook and housekeeper and he paid her eight dollars a week. Bird was simply a visitor at the houseboat when they were arrested.

A complaint for a search warrant was made on September 20, 1928, by the wife of Barger. She was living separate and apart from him. The complaint stated that intoxicating liquors were manufactured, kept for sale, pos-

sessed, used, disposed of and transported from a certain houseboat occupied and controlled by Barger near the mouth of Lusk creek, in the city of Golconda, and that her reason for believing what the complaint stated was, that she did on the 19th day of September, 1928, drink intoxicating liquor on said boat and purchased a half-pint bottle of liquor from Ruby Mouline. The warrant commanded the officers to bring forthwith before the magistrate all persons in whose possession liquors were found. The sheriff executed the warrant and took with him some three or four persons to assist him in making the search and seizure. It was in the early part of the evening when the officers went to the houseboat. A deputy sheriff testified that when they went in Bird threw into the river a box containing bottles of homebrew, which box was recovered, and also cut a rope tied to a sack containing bottles of the homebrew which was in the river and the rope was tied to the end of the boat. They fished the sack, with the bottles, out of the river. There was other evidence, but in the view we take of the case we will not further discuss the evidence except to say that on the trial there was no proof of any sale or transportation of the liquor except as stated by the sheriff and a deputy sheriff. Defendants all denied ever selling any liquor to anyone. Barger, who owned the houseboat, testified he made homebrew for his own use but not for sale or transportation, and that he thought he had a right to do that.

Plaintiffs in error claim the writ of error was sued out of this court because a constitutional question is involved. Defendant in error denies any constitutional question was raised on the trial and asks that the case be transferred to the Appellate Court for the Fourth District. The only thing in the record intimating that a constitutional question was raised is that the motion for a new trial stated "the constitutional rights of said defendants were violated," but the motion did not point out what constitutional rights

450

were violated, and in the brief of plaintiffs in error they do not point out what particular section of the constitution has been violated.

It is strongly urged that no search warrant should have been issued upon the complaint of the wife of Barger because that was the wife giving evidence against her husband, which is contrary to the statute. Before the trial was begun defendants moved to quash the search warrant and suppress the evidence seized, which motion was overruled, and they argue that in that the court erred. It is also argued that as the search was made after night the warrant was illegal because not signed by two judges or justices of the peace.

None of the questions raised and argued are constitutional questions. They are questions of law and questions of procedure, none of which give this court jurisdiction to issue a writ of error to the trial court. The case is therefore transferred to the Appellate Court for the Fourth District.

*Cause transferred.*