(No. 19770.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* AMANTINE MARTENS, Plaintiff in Error.

*Opinion filed February 21, 1930.*

SCHRIVER & SCHRIVER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, and BENJAMIN S. BELL, State's Attorney, (DAN H. McNEAL, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Upon an information filed in the county court of Rock Island county, plaintiff in error, Amantine Martens, was tried, convicted and sentenced for a violation of the Illinois Prohibition act. He has sued out a writ of error from this court to review the judgment.

Prior to entering upon the trial a motion was made to quash a search warrant which had theretofore been issued

and to impound a half-pint bottle containing thirty or forty drops of alleged intoxicating liquor, which the officer having the search warrant claimed to have seized by virtue of the search warrant. The motion was overruled and upon the trial the bottle and its contents were admitted in evidence. Plaintiff in error claims that this was error, for the reason that the complaint and search warrant did not contain a specific and accurate description of the premises searched and that the bottle and its contents were obtained by the officer on premises other than those described in the search warrant.

Plaintiff in error's contentions do not raise a constitutional question or call for a construction of the constitution. It is not a debatable question in this State that a search warrant must contain a description of the premises to be searched so specific and accurate as to avoid any unreasonable or unauthorized invasion of the right of security, and that it must identify the premises to be searched, in such manner as to leave the officer in no doubt, and no discretion must be left him, as to the premises to be searched, and that any evidence obtained under an unreasonable and unlawful search and seizure is not competent. (*People* v. *Elias,* 316 Ill. 376; *People* v. *Castree,* 311 id. 392; *People* v. *Brocamp,* 307 id. 448.) To determine the questions involved in this case does not require a construction of the constitution but a construction of the language of the search warrant, and a determination of the question of fact as to whether or not the premises searched and where the alleged intoxicating liquor was found, were, in fact, so particularly described.

The cause is transferred to the Appellate Court for the Second District. *Cause transferred.*