No. 25361.—

JOSEPH P. LEWIS *et al.* Appellants, *vs.* THE WEST SIDE TRUST AND SAVINGS BANK *et al.*—(JACK COHEN, Appellee.)

*Opinion filed February 21, 1940.*

GOLD & LIEBMAN, and PHILIP H. MITCHEL, (CHARLES LIEBMAN, and MAURICE R. KRAINES, of counsel,) for appellants.

SOLL J. SCHNITZ, (ISADOR BECKER, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

In December, 1934, appellants, as creditors of the West Side Trust and Savings Bank, then in the hands of a receiver, brought a suit in the superior court of Cook county to enforce the liability against the stockholders of the said bank. Among these stockholders of record appeared the name of B. Cohen & Sons, who were sued and summoned under such name "by leaving a copy with John M. Cohen a co-partner in B. Cohen & Sons, a co-partnership." No appearance was made and judgment was rendered in May, 1935, against John M. Cohen, as co-partner, for the sum of $2200. Execution was issued and duly returned unsatisfied.

In October, 1937, appellants filed a creditor's bill against John M. Cohen and others seeking to satisfy the judgment, and in this proceeding the said John M. Cohen appeared and filed a motion to quash the summons. Appellants filed a cross-motion to strike, which was allowed in February, 1938, and the original motion of Cohen to strike was denied.

On February 6, 1939, Jack M. Cohen filed a petition in the superior court, alleging that he had never gone under the name of John M. Cohen, and even had he been so known, a judgment against him individually would be void when the stock was owned by, and the suit brought against, a co-partnership consisting of several individuals, and prayed that the judgment entered in May, 1935, be vacated and set aside. This petition was denied on February 27, 1939, but on March 27, 1939, the order was vacated and leave given to file a further petition to vacate, which consisted of a statement purporting to be in the name of the attorney acting as attorney for Jack M. Cohen, to which was attached a copy of the petition filed on February 6, 1939. Appellants moved to strike this petition as supplemented and amended, and, after consideration, such motion to strike was overruled, and the original decree and judgment entered against John M. Cohen, co-partner of B. Cohen & Sons, on May 14, 1935, was vacated and set aside as being absolutely void. Appellants appeal directly to this court.

No reason is suggested how this court has jurisdiction of a direct appeal. The errors assigned are: The court had no jurisdiction to enter an order upon the supplemental petition; that the court erred in vacating the judgment and decree; that the court had no jurisdiction to vacate the decree, and that the decree was correct and the appellee guilty of *laches*. Appellant seems to take the position that some constitutional question is involved, but it is not pointed out what the question is or that it was ever raised in the trial court.

All the grounds of appeal involve questions of practice or general principles of law. Before this court will take jurisdiction on the ground that a constitutional question is involved, it must appear from the record that such question was raised in the lower court and preserved in the record and error assigned thereon. (*Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44.) Erroneous or unjust decisions that may be reviewed or corrected in the manner provided by law do not, in themselves, raise a constitutional question of the kind mentioned in the Civil Practice act. *McIlvaine* v. *City National Bank,* 371 Ill. 565.

No ground for direct appeal is presented by this record, and the case is, accordingly, transferred to the Appellate Court for the First District. *Cause transferred.*