(No. 26015.—
MAXWELL R. HERMAN, Appellee, *vs.* R. G. MUELLER *et al.*
—(CELIA DANIELS *et al.* Appellants.)

*Opinion filed April 10, 1941.*

SHAW, J., dissenting.

McCABE, ABRAHAMS & DALY, and WILLIAM VIHON,
(HARRY ABRAHAMS, and NUNZIO GIAMBALVO, of counsel,)
for appellants.

HIRSCH E. SOBLE, for appellee.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Maxwell R. Herman, as successor trustee (appellee) under a deed of trust securing certain bonds made by the Michigan-Chestnut Building Corporation, filed a suit in the circuit court of Cook county against appellant Celia Daniels and others praying for directions as to whether he should accept an offer of compromise made by certain guarantors of the bonds secured by such trust deed, in satisfaction of all of their liability thereunder. Appellant Celia Daniels was served with process, and appellant Margaret Fischer was an intervenor. Appellant Daniels filed a motion to dismiss the proceeding on the ground that the court was without jurisdiction of the subject matter of the suit, and upon said motion being overruled filed an answer denying that plaintiff was entitled to the relief prayed for. Ap-

pellant Fischer filed an intervening petition and motion to vacate the decree because she had not been made a party, and because the court had no power or jurisdiction to decree that the plaintiff might compromise or settle the claim of all of the bondholders against the guarantors. Leave was granted to file the intervening petition, but the. prayer thereof denied. The appeal is taken directly to this court upon the theory that the constitutional rights of appellants have been violated.

Before appellee's complaint for directions was filed, a foreclosure proceeding had been instituted by the trustee against the Michigan-Chestnut Building Corporation and all of the guarantors of the bonds to foreclose the deed of trust, which cause was pending and undisposed of at the time the suit for directions was filed. It appears that bonds in a total amount of $575,000, secured by said trust deed, had been issued by the building corporation, and that a number of individuals had guaranteed the payment of principal and interest of such bonds until such time as space in the building to be erected had been leased at an annual rental of not less than $215,000 to responsible tenants. In the foreclosure suit the guarantors denied liability. Pending the disposition of the foreclosure proceeding three of the guarantors made a proposal to the trustee for the bondholders to pay the sum of $40,000 in consideration of a covenant not to further sue them upon the guaranty, and thereupon the appellee herein filed his suit for directions of the court as to whether he should accept. or reject the proposition of the guarantors. After a hearing, the court entered a decree authorizing appellee to accept the offer of the guarantors, and to execute on behalf of the plaintiff, as trustee, and on behalf of all of the owners and holders of the unpaid bonds, a covenant not to enforce the said guaranty.

The only ground suggested as authorizing an appeal directly to this court is that the decree deprived appellants

and all other bondholders similarly situated, of their property without due process of law, in that the decree entered by the court was void because of lack of jurisdiction and power on its part to decree a release of the guarantors of and from the liability incurred by them.

There is no claim in this case that there was a lack of service of process, or a failure to have a hearing. The record shows both appellants had their day in court, made their objections, and may have the action of the trial court reviewed. Since, however, in a case of this character the statute provides the appeal shall be taken to another court, jurisdiction cannot be given to this court by the mere assertion that the result of the judgment entered, after hearing and notice, will have the effect of depriving them of constitutional rights. (*People* v. *Jiras,* 340 Ill. 208; *Baker* v. *Brown,* 372 id. 336.) The most they can claim is an error in the application of the law.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*

Mr. JUSTICE SHAW, dissenting.