(No. 26075.— ▮▮▮▮▮▮▮▮▮

HERMAN OCKENGA *et al.* Appellants, *vs.* JOHN ALKEN *et al.*
Appellees.

*Opinion filed April 15, 1941—Rehearing denied June 12, 1941.*

THOMAS TIGHE, and GOLD & LIEBMAN, (CHARLES LIEB-
MAN, of counsel,) for appellants.

HOFFMAN, HOFFMAN & McCABE, (HARRY HOFFMAN,
of counsel,) for appellees.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the
court:

Appellants filed a complaint in equity in the superior
court of Cook county praying that certain restrictive cov-
enants contained in a deed of conveyance to certain real
estate owned by them be removed or modified. The prop-
erty owned consisted of a lot in the village of Winchester,
in Cook county, and the restrictive covenant in the deed
provided that no buildings except of certain type and value
be constructed thereon. The covenant was operative until
1970. Defendants are other lot owners in said addition.
The court sustained a motion to dismiss the complaint. Ap-
pellants' brief claims in the statement there is a constitu-

tional question involved, but no such point is raised in the errors relied upon for reversal.

The complaint sets forth various reasons why it would be advisable and proper to relieve the appellants of the restrictive covenant contained in the deed, and cases are cited which they claim would have justified the court in granting the relief prayed. If it be assumed that the complaint stated a cause of action, and the court erred in sustaining the motion to dismiss, its action would only constitute error, which may be remedied on appeal.

We have held many times that the judgment of the court which has jurisdiction of the subject matter and the parties, and possesses the power to render the particular judgment, even though erroneous, does not raise a constitutional question. *De La Cour* v. *De La Cour,* 363 Ill. 545; *Wilson* v. *Prochnow,* 354 id. 98; *People* v. *Jiras,* 340 id. 208; *Genslinger* v. *New Illinois Athletic Club,* 332 id. 316; *Lewis* v. *West Side Trust and Savings Bank,* 373 id. 245; *O'Connor* v. *Rathje,* 368 id. 83; *Trustees of Schools* v. *City of Chicago,* 373 id. 508.

An unauthorized appeal to this court delays the decision of the case until the record can be sent to the Appellate Court and the proper term of that court reached. It is the duty of this court to determine whether it has jurisdiction, but the growing practice of bringing cases directly to this court upon the pretense that a constitutional question is involved, when the only matter in controversy is that the trial court has rendered an unjust or erroneous decision, is not approved.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*