*In re* ESTATE OF BARBARA PAUS.—(BARBARA MEYERS *et al.*, Appellants, *vs.* FANNY FRASER, Admx., *et al.*, Appellees.)

*Opinion filed January 20, 1944—Rehearing denied March 20, 1944.*

MAURICE T. WEINSHENK, and HARRY W. STANDIDGE, both of Chicago, for appellants.

TATGE & TATGE, CAMPBELL, CLITHERO & FISCHER, and ROBERT F. KOLB, all of Chicago, for appellees.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the court:

This is an appeal from two orders of the circuit court of Cook county. The appeal was taken by Barbara Meyers, Frank Haberzetle and William Haberzetle. The appeal is from an order dismissing an appeal perfected by said appellants from the probate court of Cook county to the cir-

cuit court, and also from an order denying the motion of appellants to set aside said order of dismissal.

The proceedings were initiated by appellants' petition, filed in the probate court, in which they alleged that they were heirs-at-law of Barbara Paus, deceased. The petition was referred to a referee. The referee took the evidence and reported that appellants were strangers to the blood of Barbara Paus and recommended that the petition be stricken. The court, upon hearing, approved the report of the referee and struck the petition. This order was entered on March 22, 1943. On April 7, 1943, appellants filed an amended petition. An order was entered setting the hearing on this amended petition for April 12, 1943. On April 9, 1943, appellants perfected an appeal to the circuit court from said order of the probate court entered on March 22, 1943. The record shows that no hearing was ever had in the probate court on the amended petition filed April 7, 1943. On May 6, 1943, a transcript of the record of the probate court was filed in the circuit court. This transcript included only the original petition and the proceedings and orders thereon. On May 10, 1943, Fanny Fraser, as administratrix of the estate of Barbara Paus, filed in the circuit court a motion to dismiss the appeal. The motion was based on the ground that appellants were strangers to the estate of Barbara Paus and had no appealable interest in said cause. On June 11, 1943, an order was entered by the circuit court, sustaining the motion and dismissing the appeal. On June 25, 1943, appellants filed a motion in the circuit court to vacate the order of June 11, dismissing the appeal. In this motion appellants set up that an amended petition was filed in the probate court on April 7, 1943. On June 24, 1943, appellants filed in the cause in the circuit court an additional transcript of record of the probate court. This additional transcript consisted of a copy of the amended petition which was filed in the probate court on April 7. On June 25, 1943, the cir-

cuit court, upon a hearing, denied the motion of appellants to vacate the order of June 11, dismissing the appeal. This appeal was perfected from the order of the circuit court entered on June 11, dismissing the appeal from the probate court and from the order of the circuit court, entered on June 25, denying the motion of appellants to vacate said order.

In stating the errors relied upon for reversal, appellants, in their brief, among other things, say that said orders were entered in violation of certain provisions of the constitution of the State of Illinois and of section 1 of the fourteenth amendment to the Federal constitution; that the action of the circuit court in dismissing the appeal denied to them a hearing *de novo* and, for that reason, was contrary to the constitutional provisions referred to in the previous assignment of errors.

We have repeatedly stated that the constitution does not guarantee that the courts shall not commit error in the trial of causes, and is not a guaranty against erroneous or unjust decisions by courts which have jurisdiction of the parties and the subject matter. If errors are committed, or erroneous decisions rendered, they may be corrected in the manner provided by law for the correction of such errors, but mere errors in a judgment or decree do not deprive the losing party of due process of law. (*McIlvain* v. *City Nat. Bank and Trust Co.* 371 Ill. 565; *Foreman-State Nat. Bank* v. *Sistek,* 358 Ill. 525.) A constitutional question is not involved, so as to give this court jurisdiction of a direct appeal, where the judgment or decree is assailed on the ground that its enforcement will deprive the person against whom enforcement is sought of his property without due process of law. The question in such case is the validity of the judgment or decree and not the constitutional question. *De La Cour* v. *De La Cour,* 363 Ill. 545; *Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44.

No question is raised here as to the jurisdiction of the circuit court, of either the parties or the subject matter. We have held many times that the judgment of the court which has jurisdiction of the subject matter and the parties and possesses the power to render the particular judgment, even though erroneous, does not raise a constitutional question. (*Trustees of Schools* v. *City of Chicago,* 373 Ill. 508; *Lewis* v. *West Side Trust and Savings Bank,* 373 Ill. 245; *O'Conner* v. *Rathje,* 368 Ill. 83; *De La Cour* v. *De La Cour* 363 Ill. 545; *Wilson* v. *Prochnow,* 354 Ill. 98; *People* v. *Jiras,* 340 Ill. 208.) Here no constitutional questions were raised or decided in either the probate or circuit court. The complaint of appellants is that the judgment entered by the circuit court was erroneous. Clearly no constitutional question, necessary to give this court jurisdiction on direct appeal, is involved.

We repeat what we said in *Ockenga* v. *Alken,* 376 Ill. 533, "An unauthorized appeal to this court delays the decision of the case until the record can be sent to the Appellate Court and the proper term of that court reached. It is the duty of this court to determine whether it has jurisdiction, but the growing practice of bringing cases directly to this court upon the pretense that a constitutional question is involved, when the only matter in controversy is that the trial court has rendered an unjust or erroneous decision, is not approved." Such practice only delays the decision of the case and results in injury to the parties involved.

There being no constitutional or other question involved giving this court jurisdiction on direct appeal, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*