(No. 29650.—

ODILE AUBRY, Appellant, *vs.* SUPREME LIBERTY LIFE INSURANCE COMPANY *et al.,* Appellees.

*Opinion filed January 22, 1947.*

John H. Roser, of Chicago, for appellant.

Earl B. Dickerson, of Chicago, for appellees.

Mr. Justice Wilson delivered the opinion of the court:

The plaintiff, Odile Aubry, on May 3, 1945, filed her complaint in the superior court of Cook county against the defendants, the Supreme Liberty Life Insurance Company, an Illinois corporation, and Earl B. Dickerson. She alleges that, during the years 1932 to 1937, she was the owner in fee simple of an improved parcel of real estate in Chicago, located at 1714 Maypole Avenue. From the complaint it appears that, in 1935, the insurance company instituted a foreclosure action in the superior court against plaintiff. Charging fraud and collusion by defendant Dickerson, "her attorney and confidential adviser," plaintiff alleges that, although defendant Dickerson had for many years represented her deceased husband and herself, he abused the confidential and fiduciary relationship of attorney and client which obtained between them in instituting and prosecuting the foreclosure proceeding to a decree. Additional allegations are that plaintiff was forced to move from the property without notice, and her furniture and furnishings placed in a warehouse without her knowledge or permission; that the corporation occupied a portion of the property described from July 15, 1933, to July 15, 1937; that the tenancy was arranged by Dickerson, in the absence of authority or permission to act in plaintiff's be-

half; that he represented the corporation instead of her in the matter of leasing the premises, and that the company has never paid her any rent for the use of the property. The relief sought by plaintiff is a judgment for $960 representing rent for the period of four years, commencing July 15, 1933, together with interest at the rate of five per cent from the day named.

Defendants interposed a motion to dismiss the complaint upon the grounds, among others, that it appears on the face of the complaint plaintiff's action is predicated on an alleged oral obligation for rents allegedly due her; that the cause of action, if any, accrued not later than July 15, 1937, and is barred by the five years' Statute of Limitations; that if the fraud and collusion alleged to have been perpetrated in the foreclosure proceedings affected the decree entered, plaintiff should file a proceeding in the original cause of action to have the decree vacated; that her present cause of action is barred by a prior decree in favor of the insurance company and against her in the foreclosure action authorizing the sale of the premises at 1714 Maypole Avenue; that the company purchased the property at the foreclosure sale, pursuant to the decree, and that, finally, during the pendency of the foreclosure proceedings a receiver was appointed to collect the rents and profits accruing from time to time from the property. The motion to dismiss was granted, the cause dismissed, and plaintiff's motion to amend her complaint denied. Plaintiff prosecutes this appeal, erroneously assuming that a freehold is necessarily involved.

A freehold is not involved so as to give jurisdiction on a direct appeal unless the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or unless the title to a freehold is so put in issue that the determination of the case necessarily requires, a decision with respect to the ownership of the real estate in controversy. (*Hachadourian* y. *Bogosian*, 393 Ill. 135;

*Wood* v. *Dillon,* 391 Ill. 186; *Campo* v. *Grunewald,* 391 Ill. 91.) This court does not entertain jurisdiction of a direct appeal upon the ground that a freehold is involved unless the freehold is directly, rather than collaterally, contingently, or incidentally, involved. (*Swinson* v. *Sodaman,* 369 Ill. 442.) The only relief sought by plaintiff's complaint is a money judgment covering the rental of improved real estate. The title to a freehold was not put in issue by the pleadings. Irrespective of whether the judgment be affirmed or reversed, neither plaintiff nor the defendants will gain or lose a freehold. Assuredly, a freehold is not directly involved, and we cannot say that it is even collaterally, contingently, or incidentally involved in the present case.

In her reply brief, plaintiff states that, irrespective of whether a freehold be involved, a constitutional question is presented giving this court jurisdiction of her direct appeal. She insists that defendants should have proceeded against her under the Forcible Entry and Detainer Act when they sought to deprive her of, or evict her from, the property. One of the alleged errors relied upon for reversal is that the denial of permission to file an amended complaint deprived plaintiff of her property without due process of law in contravention of constitutional guaranties. Our attention is directed to her brief which merely states the basic principle that a person cannot be deprived of his property without due process of law under the laws of this State and the United States. We cannot accept her statement that a constitutional question is argued. The general statements found in eight lines of her brief do not constitute argument of a constitutional issue. The mere assertion that a constitutional right is involved or has been invaded is insufficient, in the absence of other grounds, to confer jurisdiction. (*Economy Dairy Co.* v. *Kerner,* 371 Ill. 261.) In any event, a constitutional question is not presented where a judgment or order is assailed on the

ground that its enforcement will deprive the person against whom enforcement is sought of some constitutional right. *O'Connor* v. *Rathje,* 368 Ill. 83.

For the reasons that neither a freehold nor a constitutional question is involved, within the contemplation of section 75 of the Civil Practice Act, (Ill. Rev. Stat. 1945, chap. 110, par. 199,) the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*