(No. 30383. )

KENNETH S. ERNHART, Appellee, *vs.* ELGIN, JOLIET AND EASTERN RAILWAY COMPANY, Appellant.

*Opinion filed March 18, 1948.*

KNAPP, CUSHING, HERSHBERGER & STEVENSON, (HARLAN L. HACKBERT, of counsel,) both of Chicago, for appellant.

JOSEPH D. RYAN, and LOUIS P. MILLER, both of Chicago, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellee, Kenneth S. Ernhart, brought his suit for damages against the Elgin, Joliet and Eastern Railway Company, for personal injuries claimed to have been caused by falling from a train in the yards at Gary, Indiana, because of a defect in the equipment on a car of said train. The amended declaration charges that he was in furtherance of interstate commerce at the time he was injured, and that the Federal Safety Appliance Act was violated by having upon one of appellant's cars a broken foot stirrup, which caused him to fall and to be severely injured, during the course of his employment. The answer of the defendant admits the employment, but denies that at the precise moment of the injury the plaintiff was in furtherance of interstate commerce, and denies there was any

defect in the stirrup, or that the injury of the plaintiff was as severe as he claimed. The case was tried before a jury and a verdict returned in favor of the plaintiff. A motion was made at the close of the evidence of the plaintiff, and at the close of all of the evidence, to exclude the evidence and direct a verdict for the defendant. A motion has been made to transfer this case to the Appellate Court because there is no constitutional question involved giving us jurisdiction of a direct appeal, and also a motion to strike the report of proceedings because not filed within the time required by the rules of court, and to affirm the judgment of the superior court of Cook County.

We will consider first the question of whether we have jurisdiction to entertain this cause on direct appeal, because if we should not have such jurisdiction we would not have the right to pass upon the motion to affirm on the grounds claimed by appellee.

The particular ground upon which appellant claims we have jurisdiction arises upon the motion for judgment notwithstanding the verdict, and upon the motion for new trial, where the same grounds are urged. It appeared during the course of the trial that there was a disagreement between counsel for plaintiff and defendant, as to whether the plaintiff came within the provisions of the 1939 amendment to the Federal Employers' Liability Act. The contention of the defendant was that at the particular moment of the injury plaintiff must be shown to have been in interstate commerce, while the plaintiff contended that it was sufficient if the work in which the plaintiff was engaged was in furtherance of interstate commerce, in other words, it was sufficient if the whole movement of the train was one which would eventually result in cars going into interstate commerce. Appellee claims that at the particular time he was engaged in helping to move empty cars which, later, when loaded, would go into interstate commerce.

In ruling upon the evidence, and later in passing upon

the motion for judgment notwithstanding the verdict, and the motion for new trial, the court refused to enter judgment notwithstanding the verdict, and refused to grant a new trial, and, hence, the claim of appellant to a direct appeal to this court grows out of his contention that the ruling of the court gave the Federal Employers' Liability statute an unconstitutional effect, entitling him to a direct appeal to this court.

Section 75 of the Civil Practice Act (Ill. Rev. Stat. 1947, chap. 110, par. 199,) provides "Appeals shall be taken directly to the Supreme Court in all cases in which a franchise or freehold or the validity of a statute, or a construction of the constitution is involved, * * *." It is to be remarked that to give this court jurisdiction the validity of a statute, or the construction of the constitution must be involved. The appellant contends in its first point that the question presented is "the constitutional validity of the 1939 amendment to the Federal Employers' Liability Act (45 U.S.C.A. sec. 51, as amended,) as construed by the trial court."

No construction of the constitution of the United States or of Illinois is mentioned in the briefs, and neither does the appellant claim that the court passed upon the validity of the 1939 amendment of the Federal Employers' Liability Act. What it is really urging at the present time is that the ruling of the court was contrary to the provisions of the 1939 amendment, and hence, as he contends, gives the statute an unconstitutional effect. It appears from the statement of its position that appellant is not claiming that the court held the 1939 amendment invalid, and that the court did not construe any section of either the State or the Federal constitutions. It is clear that the contention of the defendant is that the court erred in holding that the evidence of plaintiff was sufficient to bring him within the provisions of that act.

Clearly, no question authorizing a direct appeal to this

court is involved. We have passed upon how to raise a constitutional question many times, and perhaps a review of this subject might be useful. In *Paul* v. *Paul*, 278 Ill. 196, a party was ordered to pay alimony, and upon refusal so to do was committed to the county jail. He contended he was denied due process of law under the constitution. In denying this contention and transferring the cause, the court said: "The contention of appellant seems to be that as he was the unsuccessful party in the suit he has been deprived of liberty and property without due process of law. It is not a denial of due process of law to enter an order, after a hearing, disposing of any matter regularly at issue, although the order entered may be distasteful to the losing party. There is no constitutional question involved in this case and we have no jurisdiction."

In *Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44, the question of mechanic's lien was involved, and after a hearing the case was decided against the appellant, the owner of the property, and a decree for the amount due entered. He then appealed directly to the Supreme Court upon the theory that his constitutional rights had been denied. In holding we had no jurisdiction we said: "He did not present to the circuit court in any manner any contention that any part of the Mechanic's Lien Act was invalid and has not assigned any error in this court on that ground. Where a judgment or decree is attacked on the ground that its enforcement will deprive the one against whom it is sought to be enforced of some constitutional right, as, the taking of property without due process of law, etc., no constitutional question is presented to authorize a direct appeal or writ of error to this court. The question involved in such a case is the validity of the judgment or decree and not a constitutional question within the meaning of the statute authorizing appeals or writs of error direct to the Supreme Court."

In *Albrecht* v. *Omphghent Township*, 324 Ill. 200, the

plaintiff brought a suit against the highway commissioner before a justice of the peace and recovered judgment. In the circuit court, upon appeal, the defendant proved there had been a former trial in which he had been held not liable for the same damages, and the circuit court thereupon dismissed the suit. The plaintiff attempted to appeal directly to this court. In rendering its opinion the court repeated what was said in the *Cooper case,* and transferred the cause to the Appellate Court.

In *Will* v. *Voliva,* 344 Ill. 510, the question arose as to the refusal of the court to set aside a decree because appellants claimed they were not bound by the decree because of insufficient service of process, and sought to open it up under section 19 of the Chancery Act. In that case we held the only question involved was the right of the appellants to appeal under such act, and that therefore only the construction and not the validity of a statute was involved, and the cause was therefore transferred.

In *Standard Motors Securities Corp.* v. *Yates Co.* 337 Ill. 250, it was claimed that the court's failure to overrule the defendant's demurrer to a pleading denied the defendant the protection of section 6 of the act creating liens on chattels, (Ill. Rev. Stat. 1947, chap. 82, par. 45,) and, therefore, denied it the equal protection of the laws. The validity of section 45 was not questioned, and both parties proceeded upon the assumption it was valid. We said in that case: "To warrant an appeal direct from the circuit court to this court it is not sufficient that the construction of a statute or its application is involved, but the validity of the statute or the construction of some provision of the constitution must be involved." We transferred that cause.

In *Ryan* v. *City of Chicago,* 363 Ill. 607, the plaintiff, a taxpayer, sought by injunction to enjoin the discharge of certain policemen and firemen under the civil service laws. The ground assigned in the bill was that the act was unconstitutional. The court sustained a demurrer and

did not pass upon the validity or the constitutionality of the act. The cause was transferred to the Appellate Court because, we said, "It is not sufficient to confer jurisdiction on this court for the pleading to allege the violation by a statute of some constitutional provision or for such charges to be stated in the argument, [citations,] but the record . must affirmatively disclose that the constitutional question was not only presented in the trial court for decision but was passed upon by it."

In *City of Watseka* v. *Blatt,* 381 Ill. 276, the only manner in which the question was raised was that a certain ordinance was "uncertain, indefinite, oppressive, unreasonable, unconstitutional, discriminatory and confiscatory." We held that the question raised was based upon the bare statement of counsel, and said: "It has been repeatedly held by this court that a mere assertion that a constitutional question is involved, or a constitutional right invaded, is not, of itself, sufficient to confer jurisdiction on this court on direct appeal."

In *Jenisek* v. *Riggs,* 381 Ill. 290, we said: "The validity of a statute is involved, so as to confer jurisdiction by direct appeal, only where its constitutionality was the primary inquiry in the trial court, and even though a constitutional issue was raised in the trial court, if a final order was rendered on other issues no constitutional question is presented for review."

And, in *Merlo* v. *Public Service Co.* 381 Ill. 300, in discussing the same subject, we said: "This court has held that where a judgment or decree is attacked on the ground that its enforcement will deprive the one against whom it is sought to be enforced, of some constitutional right, as the right of trial by jury or the taking of property without due process of law, no constitutional question is presented which will give this court jurisdiction on that ground. In such case the question is the validity of the judgment or decree. This is not a constitutional question.

[Citations.] The constitutional requirement of due process of law is not a guaranty that the court shall not commit error in the trial of causes or a guaranty against erroneous and unjust decisions by courts which have jurisdiction of the parties and the subject matter. If errors are committed, or erroneous and unjust decisions are rendered, they may be corrected in the manner provided by law for the correction of such errors. A mere error in entering a judgment or decree does not deprive the losing party of the benefit of due process of law."

In *Shilvock* v. *Retirement Board,* 375 Ill. 68, we held the cause must be transferred where the record fails to affirmatively show that a constitutional question was not only raised in the trial court, but passed upon. In *Bradford Supply Co.* v. *Waite,* 392 Ill. 318, where the contention was made that in denying a petition for appeal, or in the alternative, a petition for writ of error, the court gave the Practice Act an unconstitutional interpretation, we held no constitutional question was raised authorizing a review on writ of error.

In *In re Estate of Paus,* 385 Ill. 550, we held that where a court has jurisdiction of the subject matter and of the parties, and possesses power to render the particular judgment, the judgment, even though erroneous, does not raise a constitutional question authorizing a direct appeal. And in the same case we held a constitutional question is not involved so as to warrant a direct appeal where the decree is assailed upon the ground that its enforcement will deprive the person, against whom enforcement is sought, of his property without due process of law.

In *Perlman* v. *Thomas Paper Stock Co.* 378 Ill. 238, we held that no direct appeal from the circuit court upon a constitutional question was authorized because of appellant's complaint that the judgment entered by the circuit court deprived appellant of its right to a jury trial. The same result has been reached in cases involving these sev-

eral questions in *Ockenga* v. *Alken,* 376 Ill. 533; *Lewis* v. *West Side Trust and Savings Bank,* 373 Ill. 245; *Herman* v. *Mueller,* 376 Ill. 304. In the *Ockenga case* we said: "the growing practice of bringing cases directly to this court upon the pretense that a constitutional question is involved, when the only matter in controversy is that the trial court has rendered an unjust or erroneous decision, is not approved."

We have referred to these many cases in the hope that counsel will examine every constitutional question, or alleged invalidity of a statute, before filing a direct appeal to this court, not only to avoid unjustly delaying the decision of a cause, but also placing upon the records a useless and unnecessary opinion.

In this particular case the amended act of 1939 is not claimed, as a primary question, to be void. The effect of the ruling of the trial court was that under the evidence the plaintiff came within this amended provision of the Federal Employers' Liability Act. The defendant claimed this action of the trial judge gave the statute an unconstitutional effect. This cannot be the true result. The ruling of the court did not change the statute. It was not held to be void. It is only the court's construction of its meaning. This does not authorize a direct appeal. The court may not properly have considered the facts, or the application of the facts to the statute, but this at most was merely error. The commission of such error is not a ground for direct appeal. The jurisdiction of this court depends upon the question whether a statute is valid or invalid, not upon the action of the court in allowing the introduction of evidence, or in construing the application of evidence to the statute. Were the rule otherwise the defendant in practically every case of an adverse ruling in the introduction of evidence could raise a constitutional question.

The court did not construe in any way either the State

or Federal constitutions. The matter appealed from in this case is merely the ruling of the court as to the effect of the evidence claimed to bring plaintiff within the provisions of the 1939 amendment of the Federal Employers' Liability Act. The plaintiff claims the evidence brought him within the scope of its provisions. On the contrary, the defendant claims that the facts show that the plaintiff was not within its provisions. The court decided that point as claimed by appellee. This is not a holding that the statute is unconstitutional, nor does it do any more than give a construction to the statute, and this does not authorize a direct appeal to this court.

The cause must be transferred. We are not passing upon whether the report of testimony was filed in apt time, as that is reserved for action by the Appellate Court.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*