(No. 30937.—

MARY LEE MAUPIN, Appellee, *vs.* WILLIAM H. MAUPIN, Appellant.

*Opinion filed May 19, 1949.*

Newell & Baetz, of Alton, for appellant.

Jacoby, Patton, Manns & Coppinger, of Alton, for appellee.

Mr. Justice Wilson delivered the opinion of the court:

On January 17, 1947, the circuit court of Madison County entered a decree of divorce granting the plaintiff, Mary Lee Maupin, a divorce against the defendant, William H. Maupin, upon the ground of desertion. Defendant was awarded the care, custody, control and education of their two children, Marilyn Jean and William Gerald, aged three and one-half years and two years, respectively, without any interference on the part of plaintiff, until the further order of the court. Plaintiff was granted the right to visit "said child at all reasonable times and hours."

May 21, 1947, defendant filed a petition asking that plaintiff be ruled to show cause why she should not be held in contempt of court for failing to comply with the provisions of the decree relative to the custody of Marilyn Jean Maupin, then four years of age. On May 29, plaintiff answered the petition to show cause, denying its material allegations, and praying that the rule be taken as discharged and that she be purged of contempt and found not to have failed in any respect to comply with the provisions of the decree of divorce. Upon the same day, namely, May 29, plaintiff filed a counterpetition to modify the divorce decree by transferring the custody of the children from defendant to her. Defendant answered the counterpetition to modify the decree, denying its material allegations.

On June 13, 1947, defendant's petition for citation was dismissed upon his own motion. Evidence was then heard. Plaintiff and four witnesses testified in her behalf. Defendant, his mother and father, and two other witnesses testified in his behalf. Upon the conclusion of the hearing,

the trial judge entered an interlocutory order referring the matter to the probation officer of the court for investigation and giving custody of the daughter to plaintiff temporarily, pending investigation and until the further order of the court. The trial judge made the observation, "The matter now is what is the best interest of the children. I want the Probation Officer to make an investigation of both these, both of these parties, and of the home and surroundings. I am only interested in seeing that these children are taken care of and think that the parents are interested in that too." On August 20, 1947, defendant filed a petition for supplemental investigation and report with respect to matters he considered material and relevant.

Subsequently, on July 1, 1948, a judgment order was entered, finding that the probation officer had submitted his report stating that the homes of both the plaintiff and defendant were very clean, well kept, and acceptable places to raise a child, and that both plaintiff and defendant were morally fit to raise a child. It was ordered that plaintiff retain the care and custody of the daughter and that defendant retain the care and custody of the son, until the further order of the court, and that the children be permitted to visit each parent and each other at reasonable times.

Defendant prosecutes a direct appeal to this court upon the theory that the due-process clauses of the State and Federal constitutions are involved. Specifically, defendant makes the contention that the circuit court erred in basing its judgment upon a report not made a part of the record and not offered in evidence, the author being neither subjected nor sworn to cross-examination, in violation of the guaranties of section 2 of article II of our constitution and section 1 of the fourteenth amendment to the Federal constitution.

We have had frequent occasion to announce that, before this court takes jurisdiction of an appeal on the

ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question was urged in the trial court, the ruling on it must be preserved in the record for review, and error must be assigned on it here. (*Economy Dairy Co.* v. *Kerner,* 371 Ill. 261.) The mere assertion that a constitutional question is involved or that a constitutional right has been invaded is insufficient, in the absence of other grounds, to confer jurisdiction. (*Richter* v. *City of Mt. Carroll,* 398 Ill. 473; *Aubry* v. *Supreme Liberty Life Ins. Co.* 395 Ill. 584.) A constitutional question is not reasonably involved, so as to give this court jurisdiction of a direct appeal, where a judgment or decree is challenged on the ground that its enforcement will deprive the person against whom enforcement is sought of some constitutional right and, in particular, of the benefit of the guaranty of due process of law. The question in such case is merely the validity of the judgment or decree, and not a constitutional question. (*People* v. *Brickey,* 396 Ill. 140; *In re Estate of Paus,* 385 Ill. 550; *De La Cour* v. *De La Cour,* 363 Ill. 545.

The precise question actually presented for decision by this appeal is whether the judgment of the circuit court of July 1, 1948, modifying the divorce decree of January 17, 1947, by awarding custody of the minor child, Marilyn Maupin, to plaintiff was correct or whether, instead, the trial court should have declined to modify the decree, as urged by defendant. Here, the circuit court had jurisdiction of the subject matter and of the parties and possessed the power to render the particular judgment, irrespective of whether it be correct or erroneous. Where this situation obtains, the correctness of the challenged judgment does not raise a constitutional question, within the contemplation of section 75 of the Civil Practice Act. (Ill. Rev. Stat. 1947, chap. 110, par. 199; *In re Estate of Paus,* 385 Ill. 550.) Moreover, no constitutional questions were presented or decided in the circuit court. The substance of

defendant's complaint in this court is that the judgment of the circuit court is erroneous because the report of a probation officer was not offered in evidence and made a part of the record and its author not sworn and subjected to cross-examination. This contention goes merely to the propriety of the judgment assailed and does not present a constitutional question fairly debatable or otherwise.

Other errors relied upon for reversal, namely, that the trial court erred in depriving defendant of the custody of one of his minor children when there was no evidence that he had forfeited his right to her custody theretofore awarded him and that her best interest required him to be deprived of her custody, do not present questions of the character required to prosecute a direct appeal to this court upon the ground that a constitutional question is involved.

The cause is transferred to the Appellate Court for the Fourth District.