(No. 31591.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SAVANNA LODGE No. 1095, LOYAL ORDER OF MOOSE, Plaintiff in Error.

*Opinion filed November 27, 1950.*

Ralph M. Eaton, of Mount Carroll, for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, and Lawrence A. Smith, State's Attorney, of Savanna, (Harry L. Pate, of Tuscola, of counsel,) for the People.

Mr. Chief Justice Simpson delivered the opinion of the court:

Plaintiff in error, Savanna Lodge No. 1095, Loyal Order of Moose, a corporation, was found guilty by the circuit court of Carroll County of possessing slot machines contrary to the statute, and was fined therefor. It seeks a reversal of that judgment by writ of error in this court.

A search warrant was procured by the State's Attorney upon his verified complaint and the premises were searched, revealing possession of the slot machines in question. Plaintiff in error claims its constitutional rights, both State and Federal, were violated through improper search and seizure based upon an insufficient showing for the issuance of the warrant. It says the complaint was based upon information and belief of affiant and was too remote in period of time after knowledge of the information contained therein was obtained.

The complaint recited that certain gambling apparatus and implements were used, kept and provided to be used in unlawful gaming, to-wit: certain slot machines upon

which money is staked and hazarded and into which money is paid and played upon chance and upon the result of the action of which said slot machines money is hazarded and won or lost, and now possessed and used in a certain building and place resorted to for the purpose of unlawful gaming in said city, county and State, and that complainant has just and reasonable grounds to believe and does believe that said gaming apparatus and implements are now concealed in said building and place. The complaint then describes the premises and recites that the premises are occupied by and in possession of plaintiff in error.

Continuing, the complaint then recites the reasons for the belief of the affiant and says in substance that affiant knew of his own knowledge that in the month of July, 1948, plaintiff in error paid to the government of the United States of America the requisite fee for a Federal license or permit to possess and operate slot machines upon which money is staked and hazarded and upon which money is paid and played upon chance, and upon the result of the action of which said slot machines money is hazarded and won or lost, etc.; that the Government, through the office of the Collector of Internal Revenue, issued to plaintiff in error a license or permit to possess and operate coin operated slot machines for gaming upon the premises in question, and that said license or permit at all times since the month of July, 1948, was and is in full force and effect, all as shown in "Gaming Record 10" in and of the records of the government of the United States of America in the office of said Collector of Internal Revenue, and that the affiant had personal knowledge of said record, having read and examined it. A search warrant issued upon this complaint, and under it certain slot machines, with the contents thereof, were seized.

Plaintiff in error moved to impound the exhibits and to suppress the evidence with relation thereto, which motion

was overruled by the court and the machines were received in evidence. Error is assigned on this ruling of the court. Neither in the motion nor at the trial of the case did plaintiff in error claim ownership of the machines in question, nor did it request their return to it.

The first question for us to consider is, does the Supreme Court have jurisdiction of this case on appeal? A mere assertion that a constitutional question is involved or that a constitutional right has been invaded is insufficient, in the absence of other grounds, to confer jurisdiction on the Supreme Court on direct appeal. (*Maupin* v. *Maupin*, 403 Ill. 316.) Nor is a claim that enforcement of a judgment will deprive one against whom it is rendered of some constitutional right sufficient, as no constitutional question is there involved. *Chicago Bar Ass'n* v. *Kellogg*, 401 Ill. 375.

An error of a trial court in applying principles of constitutional law does not involve a constitutional question authorizing a direct appeal to the Supreme Court, but merely constitutes a question as to the validity of a judgment or decree which may be corrected upon appeal to the proper court. (*Foertsch* v. *Fox*, 402 Ill. 447.) Before the Supreme Court takes jurisdiction of an appeal on the ground that a constitutional question is involved, it must appear from the record that there is a fairly debatable constitutional question in the case. *Maupin* v. *Maupin*, 403 Ill. 316; *People* v. *Rohde*, 403 Ill. 41; *Drury* v. *Hurley*, 402 Ill. 243; *Richter* v. *City of Mt. Carroll*, 398 Ill. 473.

None of the questions raised and argued here is sufficient to give this court jurisdiction to issue a writ of error to the trial court. (*People* v. *Bird*, 335 Ill. 447.) Plaintiff in error's contentions do not raise a constitutional question or call for a construction of the constitution. It is not a debatable question in this State that the complaint upon which a search warrant is issued must state the facts on which the complainant bases his belief with sufficient definiteness that if the complaint is false perjury may be

assigned thereon. (*People* v. *Sovetsky*, 343 Ill. 583; *People* v. *Elias*, 316 Ill. 376; *People* v. *Prall*, 314 Ill. 518.) To determine the questions involved in this case does not require a construction of the constitution but a construction of the language of the complaint. (See *People* v. *Martens*, 338 Ill. 170.) This is not sufficient to give us jurisdiction.

It follows that this case must be transferred to the Appellate Court for the Second District, which is accordingly done.

*Cause transferred.*