(No. 37225.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* FRANK NARDONE, Appellee.

*Opinion filed February 1, 1963.*

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

An information filed in the municipal court of Chicago charged Frank Nardone with unlawfully keeping a book for the purpose of registering bets. (Ill. Rev. Stat. 1959, chap. 38, par. 336.) Trial was set for July 13, 1959, and, on this date, Nardone filed a motion to quash a search warrant which had been issued by a judge of the criminal court of Cook County, and to suppress the evidence seized under its authority, alleging as grounds: (1) that the "warrant fails to contain a statement of facts by the complainant;" (2) that the complaint is not verified by an affidavit; (3) that the warrant was not attested to by the clerk of the criminal court, nor sealed with the judicial seal of that court; (4) that the warrant fails to show on its face that the facts are within the personal knowledge of the complainant; (5) that the warrant fails to describe with particularity the property or goods to be searched for or seized; and (6) that the return of the warrant failed to specify the person from whom the property was taken. This motion was denied, whereupon Nardone demanded a jury trial.

Subsequently, on October 21, 1961, when the cause came

up for trial before a different judge, Nardone renewed his motion to quash and suppress and was accorded a hearing thereon. This time the motion was allowed by an order which does not reveal the basis for the ruling. Proceeding under authority of section 17 of division XIII of the Criminal Code, as amended in 1961, (Ill. Rev. Stat. 1961, chap. 38, par. 747,) the People have prosecuted this interlocutory appeal from the order quashing the warrant, the appeal coming directly to this court on the theory that a constitutional question is involved. Nardone has filed neither appearance nor brief.

There is no constitutional question involved in the case which gives us jurisdiction to entertain the appeal. While the brief of the People assumes to the contrary, the mere fact that the State and Federal constitutions guarantee immunity from unreasonable search and seizure is not of itself sufficient to show that a constitutional issue is raised whenever a motion is made to quash a search warrant. (*People* v. *Blenz,* 317 Ill. 639, 641.) Here, the allegations of Nardone's motion do not raise a constitutional question or call for a construction of the constitution, nor does the order from which the appeal is taken purport to have decided any constitutional issues. Instead, the allegations of the motion, and inartfully at that, attack only the form and sufficiency of the warrant and complaint. To determine the questions involved does not require a construction of the constitution but a construction of the language of the complaint and warrant and a determination of the fact questions as to whether the complaint and warrant were deficient in the respects charged. Cf. *People* v. *Savanna Lodge,* 407 Ill. 227; *People* v. *Martens,* 338 Ill. 170; *People* v. *Bird,* 335 Ill. 447; ; *People* v. *Blenz,* 317 Ill. 639; also see *Hawley Products Co.* v. *May,* 377 Ill. 506.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*