(No. 37846.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* JOSEPH AIUPPA *et al.,* Defendants in Error.

*Opinion filed September 27, 1963.*

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (EDWARD J. HLADIS and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

GEORGE M. CRANE and MYER H. GLADSTONE, both of Chicago, for defendants in error.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an interlocutory writ of error sued out by the People from an order of the criminal court of Cook County which quashed a search warrant and suppressed certain evidence. Ill. Rev. Stat. 1961, chap. 38, par. 747.

The defendants were indicted for gambling and keeping a gambling place. Before the trial they moved to suppress certain evidence that had been seized under a search warrant, and to quash the warrant. The warrant stated that it was issued upon the sworn complaint of David Smiley that he had reasonable grounds to believe that gaming apparatus and implements were concealed, kept and provided to be used in unlawful gaming in a specified room in a named hotel in Cicero, "and that the said Duane Seavey has reasonable grounds to believe that the above-described room is resorted to for the purpose of unlawful gaming."

The motion to quash asserted "that the search warrant is not in the terms of the statute providing for said search warrant on the grounds that it recites that a stranger to said search warrant, one 'Duane Seavey has reasonable grounds

to believe that the above-described room is resorted to for the purpose of unlawful gaming.' "

At the hearing on the motion to quash, Michael Berry, a police officer, was called as a witness for the People and asked if he knew David Smiley by a different name. After an objection to the question was sustained, the People offered to prove by the testimony of the officer that David Smiley and Duane Seavey were the same person, and that the use of the name Duane Seavey in the warrant was due to a stenographic error. The trial court sustained the defendant's objection on the ground that "you cannot cure the defect on the face of an instrument, particularly a search warrant, by parol evidence."

On this writ of error, the People contend that "the trial court erroneously refused to allow the People to offer testimony to the effect that David Smiley and Duane Seavey are one and the same person" and that under a proper construction of the applicable statute, (Ill. Rev. Stat. 1961, chap. 38, par. 692,) the phrase in the warrant in which Duane Seavey's name appears is surplusage which may be disregarded.

Defendants have moved to transfer the case to the Appellate Court and the motion is well taken. The offenses charged are misdemeanors under the new Criminal Code, (Ill. Rev. Stat. 1961, chap. 38, pars. 28—1, 28—3,) and jurisdiction of an appeal or writ of error is therefore in the Appellate Court (Ill. Rev. Stat. 1961, chap. 38, par. 780½) unless a construction of the constitution is involved.

The questions involved in this case relate to the admissibility of evidence to explain what seems to be an obvious error on the face of the warrant, and to the construction of the statute which authorized the issuance of the warrant. No question involving a construction of the constitution is involved. See, *People* v. *Nardone,* 27 Ill.2d 44.

The cause is therefore transferred to the Appellate Court for the First District.

*Cause transferred.*