(No. 23387.—)

C. A. WIDMAN *et al.* Appellees, *vs.* THE PEOPLES TRUST AND SAVINGS BANK OF OTTAWA *et al.* Appellants.

*Opinion filed April 24, 1936.*

ROBERT C. CARR, and JOSEPH D. CARR, for appellants.

EDGAR ELDREDGE, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

The directors of the Peoples Trust and Savings Bank of Ottawa by a resolution called upon the Auditor of Public Accounts to take possession of the bank for the purpose of liquidation. The Auditor took such possession, a re-

ceiver was appointed and the bank ceased to do business. C. A. Widman and Samuel Twait, on behalf of themselves and other creditors of the bank, filed a bill in the circuit court of LaSalle county, and subsequently an amended and supplemental bill, against the stockholders of the bank, past and present, to enforce the latter's super-added stock liabilities. P. J. Mahoney, one of the defendants, filed an answer and a plea of the Statute of Limitations. Mahoney died testate, and by order of court his executor, the First National Bank of Ottawa, was substituted as a party to the suit. The cause was heard and a decree was entered finding that the bank was indebted to the complainants in certain specified amounts, less dividends which had been paid; that the defendants named were shown by the bank records to be stockholders, and that each was liable for the full par value of his stock to the creditors whose unsatisfied claims accrued during the periods they, respectively, held stock in the bank, and it was ordered that the complainants, on behalf of themselves and other creditors, recover from the defendants their respective constitutional super-added liabilities as stockholders of the bank. From that decree an appeal was prosecuted direct to this court.

None of the errors relied upon relate to a constitutional question which has not heretofore been decided. Merely because there is a constitutional provision respecting the super-added liability of stockholders is not sufficient to authorize a review by this court of the case, in view of the previous decisions of the court construing that provision. *Comstock* v. *Morgan Park Trust and Savings Bank,* (*ante,* p. 341) ; *People* v. *Blenz,* 317 Ill. 639.

The cause will be transferred to the Appellate Court for the Second District. *Cause transferred.*