(No. 23823.—

FREDERICK A. PUNKE, Appellee, *vs.* THE VILLAGE OF ELLIOTT, Appellant.

*Opinion filed December 10, 1936.*

CLAUDE M. SWANSON, for appellant.

LINDLEY, PACEY & JOHNSON, for appellee.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of the court:

Frederick A. Punke filed his petition in the circuit court of Ford county to disconnect from the village of Elliott a tract of land containing substantially 100 acres. Loyal H. Dickerman, the owner of a tract of 16.66 acres on the boundary of the village and a tax-payer in but not a resident of the village, was by leave of the court permitted to become a party defendant. He and the village filed their separate motions to strike the petition. The motions were in the nature of demurrers. Each was overruled. The defendants abided. The court entered an order disconnecting the petitioner's lands. From that order the village, alone, has appealed to this court.

The petition was filed under the requirements of the act of 1935. (Laws of 1935, p. 300.) The provisions of that act pertinent here are:

"Section 1. Lands that may be disconnected.—The owner or owners of any area of land consisting of one or more tracts, lying within the corporate limits of any city, town or village, may have the same disconnected from such city, town or village under the provisions of this act if such area of land

(1) Contains twenty (20) or more acres;

(2) Is not subdivided into city lots and blocks;

(3) Is located on the border or boundary of the city, town or village; *provided, however,* that such disconnection shall not result in the isolation of any part of the said city, town or village from the remainder of such city, town or village.

"§ 2. Procedure.—The owner or owners of any such area of land who desire such disconnection shall file a peti-

tion in the county or circuit court of the county where the land, or the greater part thereof, is situated, and in such petition shall allege facts in support of such disconnection. The particular city, town or village shall be made defendant, and it, or any tax-payer resident in such municipality, may appear and defend against such petition. If the court finds that the allegations of said petition are true and that such area of land is entitled to disconnection under the provisions of section 1 of this act, it shall order said land disconnected from such city, town or village. .

"§ 3. Disconnected land not exempt from taxation.— The disconnection of any such area of land shall not exempt it from taxation for the purpose of paying any bonded indebtedness contracted prior to the filing of such petition by the corporate authorities of the city, town or village, but such land shall be assessed and taxed for this purpose until such indebtedness is completely paid, the same as though not disconnected."

The village urges that the law is invalid because it violates article 3, section 2 of article 2, section 14 of article 2, section 22 of article 4, section 23 of article 4 and section 1 of article 9 of our State constitution and the due process clause of the Federal constitution.

The appellee presents the issue that no provision is made by the act for a review by this court of the order of the circuit court in the proceeding authorized by the statute and that this court has no jurisdiction of the cause. It was not necessary that the General Assembly prescribe a method of review of a proceeding where the validity of a statute is challenged, as is the situation here. Section 11 of article 6 of our constitution provides for a review by this court in all cases where the validity of a statute is involved.

In passing upon the constitutionality of the act we must recognize certain fundamentals applicable to such construction. The legal presumption is that a statute is valid, and, if capable of two constructions, the one which favors the

constitutionality of the law rather than its unconstitutionality is the interpretation to be adopted. (*Michaels* v. *Hill,* 328 Ill. 11; Cooley's Const. Lim. (6th ed.) ·pp. 216, 218.) One who challenges the constitutionality of a statute has the burden of showing clearly wherein it is in conflict with the constitutional provisions. *Fenske Bros.* v. *Upholsterers Union,* 358 Ill. 239, 251; *Reif* v. *Barrett,* 355 id. 104, 120.

A city or village is a creature of the statute. It exists for such public purposes as may be granted it by the State as a subordinate branch of the State government. It is always subject to the legislative will. *Sangamon County* v. *City of Springfield,* 63 Ill. 66; *People* v. *Camargo School District,* 313 id. 321; *City of Geneseo* v. *Illinois Northern Utilities Co.* 363 id. 89.

Article 3 of the State constitution divides the forces of government into three departments: the legislative, executive and judicial. The power to incorporate a municipality necessarily carries with it the authority to determine and alter its boundaries, and such decision is a legislative and not a judicial function. (*North* v. *Board of Education,* 313 Ill. 422; *City of Galesburg* v. *Hawkinson,* 75 id. 152.) By the act under consideration the circuit court is required to determine whether the facts set forth in the petition and shown by the evidence bring the petitioner's property within the statute. The court has no discretion in adjudicating what constitutes a sufficient petition or whether the petitioner's land shall be disconnected. The statute speaks the law; the court determines only its execution. This does not constitute a delegation of either legislative or judicial power. (*Village of Averyville* v. *City of Peoria,* 335 Ill. 106, 110.) The act does not impinge article 3 of the constitution.

. The due process clauses of our State and Federal constitutions follow next in sequence in the·assignment of errors. It is urged by appellant that the taxes of owners of property within the municipality for village governmental purposes will be increased by the release of the petitioner's

property from the village, and that the act permits a resident tax-payer to become a party defendant while it refuses that privilege to a non-resident tax-payer of the village. The practical effect of the disconnection of the petitioner's premises if the village continues its expenditures upon the same financial scale that it has in the past will be to increase taxes on the taxable property remaining within the village, but no tax-payer has any vested right in the village as a municipal corporation or any guaranty that its boundaries will remain unchanged or that it may not lose its corporate life. (*People* v. *Cowen,* 283 Ill. 308, 314.) Those hazards are incident to the ownership of property within a city or village. In the proceeding authorized by the statute the village stands as the representative of all the property owners owning taxable property within its corporate boundaries. A resident tax-payer may become a party. The act does not forbid a non-resident tax-payer from becoming a party defendant. Such was the exact situation when the trial court permitted Dickerman to become a party and defend against the petition. We said in *Reif* v. *Barrett, supra:* "Due process of law does not necessarily imply court proceedings. There is no vested right in any form of proceeding or remedy. It is necessary in order to constitute 'due process of law' within the provisions of our State and Federal constitutions that orderly proceedings according to established rules which do not violate fundamental rights shall be observed, yet a general law administered in its legal course according to the form of procedure suitable and proper to the nature of the case, conformable to the fundamental rules of right and affecting all persons alike, is due process of law.—*Italia America Shipping Corp.* v. *Nelson,* 323 Ill. 427; *Wilmot* v. *City of Chicago,* 328 id. 552." Tested by this rule the statute does not deny due process, nor does it discriminate against resident and non-resident tax-payers. It does not impair any obligation of contract. The rights of bondholders of the

village are preserved as to any lands disconnected. Such dissevered lands are still subject to taxation for the purpose of paying any bonded indebtedness of the municipality existing at the time of filing the petition.

Section 22 of article 4 provides that the General Assembly shall not pass local or special laws in certain enumerated cases. It is doubtful if the situation here falls within any of the enumerated cases. However, both parties have argued the case upon the theory that laws which affect the boundaries of cities and towns might, under certain conditions, be within the terms of such constitutional section. Accordingly we will take up that issue.

It is urged that the act is a local law. The term "local," as used in the constitution, means laws which act upon a part, only, of the domain of the State, while "special" laws operate upon only a portion of the people of the State by granting to them rights, privileges or immunities not enjoyed by the whole people or imposing a burden or obligation not borne by all the people. (*Mathews* v. *City of Chicago,* 342 Ill. 120, 128.) So an act is not local merely because by reason of its provision only one locality within the State may come under its terms. A general law is one which includes all persons, classes and property similarly situated and which come within its limitations. (*People* v. *Kewanee Light Co.* 262 Ill. 255, 262; *People* v. *Hoffman,* 116 id. 587, 597.) The act here was not local to any particular municipality. It did not impose any special burden upon any city or village or the tax-payers thereof. The act applies to the owners of all tracts of land of twenty acres or more not subdivided into lots or blocks located on the boundary line of any city, town or village, where such disconnection would not result in the isolation of any part of such municipality. It affords equal protection to all persons affected by it, inasmuch as the statute requires the same means and methods be employed alike to the persons

composing the class affected, so that it operates uniformly upon all persons similarly situated. (*Reif* v. *Barrett, supra; Lipman* v. *Goebel,* 357 Ill. 315; *Central Lumber Co.* v. *South Dakota,* 226 U. S. 157, 57 L. ed. 164.) No particular right, privilege or immunity was granted the petitioner that was not likewise conferred upon other owners in like situation. It is neither a special nor a local law.

Appellant contends the classification of tracts which may be disconnected being limited to those of a minimum of twenty acres is unreasonable. The classification of objects and subjects for legislative purposes rests in the legislative department. It is permitted a wide range of discretion in the exercise of such power. (*Magoun* v. *Illinois Trust and Savings Bank,* 170 U. S. 283, 42 L. ed. 1037.) The judicial department may not interfere with such classification when made unless it is clearly unreasonable. (*Casparis Stone Co.* v. *Industrial Board.* 278 Ill. 77.) Nor is it necessary that such classification be accurate, scientific, logical or harmonious, so long as it is not arbitrary and will accomplish the legislative design. (*Stewart* v. *Brady,* 300 Ill. 425, 435.) The basis of the act here is acreage or size— not valuation or population, as is frequently the foundation of legislative acts. Size, where the circumstances justify it, may properly be assumed as the index to legislative enactments. *People* v. *Stokes,* 281 Ill. 159, 168.

The legislature has determined that an evil exists in compelling owners of tracts of twenty acres or more, not subdivided and which border a city or village, to pay taxes for urban benefits. It is obvious that unsubdivided tracts of this size do not possess any characteristics of city or village property. They receive no practical benefits from being within the limits of such municipality and contributing, by paying taxes, to the expense of the maintenance and administration of such local governmental agency. It is true that tracts of less than twenty acres may likewise receive no benefits for the local taxes paid, but that is a criticism

addressed against the legislative wisdom rather than a constitutional defect.

Appellant urges, as an argument against the validity of the statute, that Dickerman, with his 16.66 acres and a hypothetical owner of a 19.5-acre tract were illegally discriminated against by setting the index at twenty acres. If that principle is sound, which we do not believe it is, then such complaint might be made against the classification of counties, which have populations as their index, on which certain types of fees and salaries are based. A county with 25,000 population falls into the first class, while if it has 25,001 inhabitants it will rest with counties of the second class. The legislature may have had in mind that acreage of twenty acres would constitute a small farm and would ordinarily be used for that purpose, while smaller areas might have possibilities as sites for oil stations, bulk plants, road houses, taverns, amusement parks, and other activities which often enter into urban life and constitute such latter premises integral parts of the municipality. If the property subject to severance were fixed at a minimum of ten acres, by the same reasoning as is urged here against the classification the owner of a 9.99-acre tract or an acre-tract not subdivided would have a like cause of complaint against the reasonableness of the legislative grouping.

The questions of value and tax-paying ability are not concerned with the legislative arrangement. Size was not an unreasonable standard to adopt as the basis of classification. It was within the legislative sphere to determine the size of the premises which, under the situation outlined in the act, might be detached from the fringes of cities and villages. The classification which was selected, while not curing all evils existing of the types sought to be reached, was neither unreasonable nor arbitrary. It is not necessary in order to constitute a valid act that it be a specific for every ailment. (*Stewart* v. *Brady, supra.*) The statute operates equally upon all those falling within the class to

which it applies and no one is denied equal protection of the law under the constitutional guaranty. *American Sugar Refining Co.* v. *Louisiana,* 179 U. S. 89, 45 L. ed. 102.

The act in question does not offend any of the constitutional provisions urged.

The judgment of the circuit court was in accordance with the law, and is affirmed. *Judgment affirmed.*