(Nos. 23750, 23753. )
AUGUST GEWEKE *et al.* Appellants, *vs.* THE VILLAGE OF NILES, Appellee.—GEORGE W. GREEN, Appellant, *vs.* THE VILLAGE OF ARLINGTON HEIGHTS, Appellee.

*Opinion filed April 15, 1938.*

JONES and SHAW, JJ., dissenting.

LAWLOR, WALSH & BERNSTEIN, and WETTEN, PEGLER & DALE, (EDWIN D. LAWLOR, and JAMES P. HAFFNER, of counsel,) for appellants.

HUGO J. THAL, and WELLS & LIDDELL, (HENRY L. WELLS, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

These consolidated causes constitute an appeal from an order of the county court of Cook county dismissing the petitions of the plaintiff in each of those causes to have his lands disconnected from the defendant village. In the one case August Geweke sought to have his lands disconnected from the village of Niles; in the other, George W. Green sought to have his lands disconnected from the village of Arlington Heights. The court, on hearing, dismissed the petitions on the ground that the act entitled: "An act providing for the disconnection of lands from cities, towns and villages," (State Bar Stat. 1935, chap. 24, par. 426 (1), *et seq.*) was invalid as violating certain constitutional provisions. Because of the questions involved the causes come here on direct appeal.

At the December, 1936, term, this court had before it certain attacks on this statute. Most of the questions raised in these consolidated cases were raised and decided in that case. (*Punke* v. *Village of Elliott,* 364 Ill. 604.) The act was held not subject to the numerous constitutional objections there urged. Those questions are also raised here. There are here, however, certain additional questions raised, not argued or passed upon in the *Punke case.* They relate to three other sections of the constitution which counsel in the consolidated causes before us say are violated: Section 14 of article 2, which provides that no act shall be passed affecting the obligation of contracts, section 23 of article 4, prohibiting the releasing of debts of an individual, and section 1 of article 9, affecting the uniformity of taxation.

The act providing for the disconnection of lands from cities, towns and villages is set forth in the opinion in the *Punke case* and need not be set out here. Counsel for ap-

pellees argue that the *Punke case* differs on the facts from the *Green case,* here under consideration, in that in the latter case lands sought to be disconnected by Green consist of a 65-acre tract over which an outlet sewer of the sanitary system of the Village of Arlington Heights extends. The facts are stipulated and show that the village of Arlington Heights had a population of over 5000; that during 1929-1930 it constructed a storm-water and sanitary sewer,.together with sewage-treatment plant, to be paid for by special assessments against the property benefited and by the village as public benefits; that the latter amount is something over $29,000, and that the village issued bonds for the construction of this improvement, the village's portion of the bonds to be paid by general taxation.

The premises of appellant Green are occupied by a tenant conducting a dairy business. The outlet sewer extends across the property sought to be disconnected. That property is in nowise connected with the sewer. The cost of operation of the sanitary system is met by general taxation and amounts to approximately $5000 or $6000 per year. The assessment against the property sought to be disconnected was $12,000, which, together with interest, amounted to something over $17,000.

Counsel for appellees argue that the facts in the *Green case* raise new constitutional questions which must be decided against the validity of the act, and if this is so, the entire act is invalid, as applied to both cases before us.

Section 14 of article 2 of the constitution prohibits an act of the General Assembly affecting the obligation of contracts, and appellees' argument is, that the disconnection of this land from the village will reduce the ability of the balance of the property to pay the judgment assessed against the village for the public benefits connected with the construction of this sewer. There is nothing in the record showing the extent of the ability of the village to meet the bonds issued for its share of the cost of constructing this

sewer. So far as appears from the record, increased property within the jurisdiction of the taxing body may have resulted in an increase in the taxing power of the village, notwithstanding the disconnection of this property. It must be conceded that a statute which diminishes the power of a village to meet a certain obligation is invalid as affecting the obligation of contracts. It must be seen, however, that the statute attacked has a tendency to destroy or materially reduce the taxing power of the municipal corporation that has pledged the payment of a debt, before such act can be said to contravene section 14 of article 2 of the constitution. *People* v. *Chicago and Western Indiana Railroad Co.* 256 Ill. 388; *Peoria, Decatur and Evansville Railway Co.* v. *People,* 116 id. 401.

There is another reason, however, why this argument is not sound. Section 3 of the act provides that the disconnection of any land such as contemplated in the act "shall not exempt it from taxation for the purpose of paying any bonded indebtedness contracted prior to the filing of such petition by the corporate authorities of the city, town or village, but such land shall be assessed and taxed for this purpose until such indebtedness is completely paid, the same as though not disconnected." Appellees' counsel argue, however, that this does not apply to the indebtedness of the village represented by the judgment for public benefits arising from the construction of the sewer. It will be observed that the language of section 3 is "any bonded indebtedness." The village's portion of the cost of this improvement is to be paid by general taxation. The village issued bonds to secure the funds for the improvement. Such indebtedness therefore clearly comes under the terms of "any bonded indebtedness," and this position cannot be maintained.

It is also argued that the act violates section 23 of article 4 of the constitution in that it releases a debt of appellant Green or anyone similarly situated. As we have

seen, no debt is released. The disconnection of his land from the village takes it from under the power of the village authorities to tax, but the land remains liable for all bonded indebtedness of the village that had been contracted before the disconnection. There is, and has long been, a rule in this State, that the legislature not only has authority to determine the territory and boundaries of various municipal corporations, but also to change or alter them by annexing or disconnecting territory, either with or without consent of the corporate authorities. *Town of Cicero* v. *City of Chicago,* 182 Ill. 301; *People* v. *Binns,* 192 id. 68; *People* v. *City of Rock Island,* 271 id. 412; *People* v. *Camargo School District,* 313 id. 321.

In *True* v. *Davis,* 133 Ill. 522, the question of the effect of removal of property from the taxing jurisdiction of a municipality was considered and it was there said: "There is no provision in our constitution which make a municipal debt a specific charge or lien upon the persons or property within the municipality; nor is there any provision in that instrument which guarantees the resident within the municipality that his property shall bear the burden of taxation only for the purpose of paying debts incurred by the municipality while that property had an existence there. It is within common observation, that large amounts of property, and, it may be, all the persons within a municipality, when a debt is contracted, cease to be there when the debt is payable. The property within a municipality when a tax is levied for its payment, can alone be made to pay it." It seems clear that, under the power of the General Assembly to add to or take from the territory of municipalities, the fact that property disconnected thereafter escapes general taxation does not render the disconnection act obnoxious to section 23 of article 4 of the constitution.

It is also argued that the act violates section 1 of article 9 of the constitution in that it destroys uniformity of taxation and grants to the owner of property disconnected,

benefits for which he is not required to pay. Counsel argue that appellant Green will be permitted to enjoy the use of the sewer without contributing toward the cost of maintenance, while the property within the municipality is taxed, in an increased amount, for such maintenance. Even though this be true, it cannot be said that uniformity of taxation within the village is affected. As shown by the record here, the land sought to be disconnected from the village is in nowise benefited by the sewer which crosses it. No connections are made with it, and it may not be doubted that, by reason of the supervision which the municipality has over the outlet sewer, such municipality may prevent or regulate any connection with it. Though it be said that the disconnected land is freed of the cost of maintenance, the owner has paid $17,000 for which the lands sought to be disconnected have received no benefit whatever. We are unable to see wherein it can be said that this affects uniformity of taxation or releases Green from any just tax. Counsel for appellees rely strongly upon *Board of Education* v. *Haworth,* 274 Ill. 538. In that case an act providing for the payment of high school tuition out of the State school funds for the benefit of eighth-grade graduates in districts where no high schools were maintained, was held to contravene section 1 of article 9 of the constitution, in that it required the taxpayers of districts where high schools were regularly maintained, to indirectly contribute to the tuition of pupils from districts maintaining no high schools. That the *Haworth case* is not analogous to those before us seems clear.

Much argument is indulged in the briefs on both sides concerning the justice of this act, counsel for appellees contending that it is unjust, while the appellants' counsel argue that it is the outgrowth of a serious evil which the legislature has sought to remedy. This court is not, nor can it be, concerned with the policy or wisdom of this act. Such is a legislative matter. The only inquiry which can be

made here is whether the General Assembly, in the enactment of that statute, has contravened any provision of the constitution. If it has not, the statute must stand, notwithstanding courts may doubt the wisdom of it.

The statute is not open to the constitutional objections herein discussed. Those urged, but not herein discussed, were decided adversely to appellees' contention in the *Punke case* and are no longer open here. The county court erred in dismissing the petition.

The judgments are reversed and the causes remanded, with directions to grant the relief sought.

*Reversed and remanded, with directions.*

JONES and SHAW, JJ., dissenting.