(No. 27511.—)

ARTHUR T. McINTOSH & COMPANY, Appellee, *vs.* THE VILLAGE OF OLYMPIA FIELDS *et al.*—(WARREN S. THOMPSON, Appellant.)

*Opinion filed November 19, 1943.*

NOBLE STIBOLT, for appellant.

BISHOP & BURDETT, (ROBERT J. BURDETT, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal by a taxpayer of the village of Olympia Fields from an order of the county court of Cook county disconnecting the appellee's tracts of land from that village under the statute (Ill. Rev. Stat. 1941, chap. 24, par. 7-42,) so providing. The appellant appeared in the proceedings to disconnect appellee's property and by his amended answer set out that because of certain building and zoning ordinances of the village, passed prior to the time he purchased his property in the village, of which he then had notice and upon which he relied, he, when he built his house at some substantial cost, acquired a right in the zoning and building ordinances as then applicable to appellee's property sought to be disconnected, but which would be no longer applicable if that property is discon-

nected; and as appellee's property is within a mile of appellant's, the latter's property would be damaged by removing appellee's property from the supervision and restrictions of the building and zoning ordinances.

The village also answered admitting some of the allegations and neither admitting nor denying others. No question is raised on this record except the validity of the statute under which the disconnecting proceedings were had. It is conceded that the case made by appellee's petition to disconnect its lands, comes squarely within the statute, and if the statute is valid, the order of the court disconnecting those lands from the Village of Olympia Fields is right. The cause comes directly to this court on the ground that a constitutional question is involved. It is claimed that the act under which these proceedings were had is invalid because it violates the fourteenth amendment to the constitution of the United States, section 14 of article II and section 22 of article IV of the constitution of this State. No other question is raised.

All these questions have been previously raised and settled in cases heretofore considered by this court and in each instance they were decided against the contention of appellant here. *Geweke* v. *Village of Niles,* 368 Ill. 463; *Punke* v. *Village of Elliott,* 364 Ill. 604; *People ex rel. Shriver* v. *Cowen,* 283 Ill. 308.

Appellant, in support of his position that the statute violates the due-process clause for reasons other than those upon which previous cases have been decided, cites *Phipps* v. *City of Chicago,* 339 Ill. 315, and *Western Theological Seminary* v. *City of Evanston,* 325 Ill. 511. Those cases do not bear upon the question here since they had to do with zoning ordinances which were amended to impose new restrictions on the property of the complainant after acquisition of that property by him for a specific purpose. It is not claimed there is any restriction or impairment of the use of appellant's property in this case, and those cases

would not support a claim that there is in this case any new constitutional question, or approach to such question, not heretofore considered.

This court will not assume jurisdiction on direct appeal merely to refer to former decisions. In order to invoke jurisdiction of this court on constitutional grounds it is necessary that there be some debatable constitutional question involved, and where such questions as are raised on the record are settled, this court will not entertain jurisdiction on direct appeal. *Widman* v. *Peoples Trust and Savings Bank,* 363 Ill. 345; *Pennsylvania Tank Line* v. *Jordan,* 341 Ill. 94; *Boylan* v. *Chicago Title and Trust Co.* 240 Ill. 413.

As no errors are assigned justifying the transfer of this cause to the Appellate Court for consideration thereof, and all constitutional questions raised have been heretofore settled, the appeal will be dismissed.

*Appeal dismissed.*