(No. 29798.—
ERNEST M. KINSALL et al., Appellees, vs. THE VILLAGE OF OMAHA, Appellant.

*Opinion filed November 20, 1946.*

·ROY E. PEARCE, and KENNETH E. PEARCE, both of Carmi, for appellant.

Mr. JUSTICE FULTON delivered the opinion of the court:

Ernest M. Kinsall *et al.*, the plaintiffs in this cause, filed their petition in the circuit court of Gallatin county to disconnect from the village of Omaha a tract of land containing substantially eighty acres, under the authority given by the statute. (Ill. Rev. Stat. 1941, chap. 24, par. 7-42.) The defendant filed an amended answer to the petition to which the appellees filed a motion to strike. On hearing, the motion to strike was granted. The defendant village chose to abide by its amended answer. The

court thereupon defaulted the defendant and entered an order disconnecting the petitioner's lands. The village, seeking a reversal of such order, prosecutes a direct appeal to this court on the ground that a constitutional question is involved.

It is claimed by appellant that section 42 of article 7 of the Revised Cities and Villages Act is unconstitutional in that said section delegates legislative power to the courts.

Since the adoption of the Revised Cities and Villages Act in 1941, the second paragraph of section 42 of article 7 reads as follows: "The owner or owners of record of any such area of land shall file a petition in the county or circuit court of the county where the land is situated, alleging facts in support of the disconnection. The municipality from which disconnection is sought shall be made a defendant, and it, or any taxpayer residing in that municipality, may appear and defend against the petition. If the court finds that the allegations of the petition are true and that the area of land is entitled to disconnection it shall order the specified land disconnected from the designated municipality." By this revision this paragraph omitted the words: "Under the provisions of Section 1 of this Act," formerly appearing after the word "disconnection" in the last sentence of the paragraph, in the statute prior to the revision.

The statute providing for the disconnection of land from villages, prior to 1941, consisted of two sections, being sections 1 and 2 of the Disconnection Act, (Ill. Rev. Stat. 1939, chap. 24, pars. 385d and 385e,) so that there was necessity for using the words "under the provisions of Section 1 of this Act." In the Revised Statutes of 1941, there is merely one section with two paragraphs, and since the second paragraph refers to owners of record of any "such" area, it refers directly to the areas of land described in the first paragraph. Therefore, by use of the word "such," there is no necessity of using words similar

to those used in the prior law in referring to "the provisions of Section 1."

In *Punke* v. *Village of Elliott,* 364 Ill. 604, the constitutionality of the paragraph as it read prior to 1941 was passed upon and it was held not to constitute a delegation of either legislative or judicial power. The opinion sets forth in that case the full text of the act as it existed on that date.

In *McIntosh & Co.* v. *Village of Olympia Fields,* 384 Ill. 453, the constitutionality of section 42, as it now stands, was challenged on the ground that it violated the due-process clause of the Federal constitution and of section 22 of article IV of the constitution of this State. In that case it was said: "In order to invoke jurisdiction of this court on constitutional grounds it is necessary that there be some debatable constitutional question involved, and where such questions as are raised on the record are settled, this court will not entertain jurisdiction on direct appeal."

Appellant insists that the effect of omitting the phrase: "Under the provisions of Section 1 of this Act" from said section 42 delegates to the court the power not only to determine, but requires it to find, whether the area of land is entitled to be disconnected; and that such power constitutes an infringement upon the province of the legislative department of the government, and is in direct conflict with the provisions of article III of our constitution.

Article III of the State constitution divides the forces of government into three departments: the legislative, executive and judicial. The powers of government shall be performed by the department to which they belong, and none of the three departments shall exercise powers properly belonging to either of the other two.

In passing upon the validity of the second paragraph of section 42 we believe the omission of words similar to "under the provisions of Section 1 of this Act" does not

change the legal effect for the reasons hereinabove stated. The court in construing the statute is bound by the terms of the first paragraph of the section as fully as if the quoted or similar words had not been eliminated. We feel that the constitutionality of the section is controlled by the cases heretofore considered in which we held adversely to the contention of appellant here. (*Punke* v. *Village of Elliott,* 364 Ill. 604; *Geweke* v. *Village of Niles,* 368 Ill. 463.) This court will not assume jurisdiction on direct appeal to refer to former decisions. *McIntosh & Co.* v. *Village of Olympia Fields,* 384 Ill. 435.

No debatable constitutional question being involved, this court is without jurisdiction on direct appeal and it is ordered that the cause be transferred to the Appellate Court for the Fourth District.

*Cause transferred.*