(No. 30173.—

FLOYD RICHTER *et al.,* Appellees, *vs.* THE CITY OF
MT. CARROLL, Appellant.

*Opinion filed November 20, 1947—Rehearing denied Jan. 14, 1948.*

RALPH M. EATON, of Mt. Carroll, and MANUS & MANUS, of Freeport, for appellant.

CHARLES E. STUART, of Mt. Carroll, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Floyd, John W. and Anna L. Richter and M. Mabel White filed an amended petition in the county court of Carroll County seeking the disconnection of six separate parcels of land owned by them from the limits of the city of Mt. Carroll. The petition was filed conformably to the provisions of the Disconnecting Act, as amended in 1941. Defendant's motion to strike the amended petition was overruled and thereafter it filed an answer and, later, an amendment to its answer. An order was entered discon-

necting each of the six tracts from the territory embraced within the corporate limits of the city of Mt. Carroll, the order specifically providing, "but nothing herein contained shall be construed as exempting said lands from taxation for the payment of debts of said municipality, contracted prior to the filing of the petition herein." Defendant prosecutes a direct appeal upon the assumption that the constitutional validity of a statute is involved.

A stipulation of the parties discloses that plaintiffs have satisfied the requirements of the statute and are entitled to the relief sought unless section 43 of article 7 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1945, chap. 24, par. 7-43,) is unconstitutional in the respects charged by defendant. From the stipulation it appears that, at the time of the filing of plaintiffs' pleadings, an ordinance provided for the levy and collection of a tax to pay general obligation bonds of the municipality which created a lien upon all the taxable property within the city, including the lands described by plaintiffs in their petition and amended petition, and that the unpaid principal amount of the bonded indebtedness amounted to $10,000. A contract is in existence between the city and the Northwestern Illinois Utilities Company for power and street lighting, commencing May 28, 1943, and continuing for a period of ten years. Under this contract, sums are payable by the city to the utility company from month to month. The agreed facts also disclose that the city has been authorized by a vote of the electors to levy a special continuing annual tax for band purposes, to which the lands in controversy are subject. Likewise, the city has been authorized by the electorate to levy a continuing annual tax for park purposes, to which the lands are subject. The stipulation concludes with the statement that, except as to the general obligation bonds, nothing in the stipulation shall be held to be an admission by plaintiffs that the obligations and taxes referred to constitute an indebtedness of the defendant mu-

nicipal corporation, within the contemplation of the Disconnecting Act.

Defendant resisted plaintiffs' petition in the trial court and seeks a reversal of its order upon the grounds that section 43 of article 7 of the Revised Cities and Villages Act transcends constitutional guarantees in several respects. In particular, defendant contends that section 7-43 violates sections 2 and 14 of article II, section 23 of article IV, sections 1 and 9 of article IX, and article III of our constitution.

So far as relevant, section 43 (Ill. Rev. Stat. 1945, chap. 24, par. 7-43,) ordains: "The disconnection of any such area of land shall not exempt it from taxation for the purpose of paying any indebtedness contracted by the corporate authorities of the municipality, prior to the filing of the petition for disconnection. On the contrary, the territory shall be assessed and taxed to pay such indebtedness until this indebtedness is completely paid, the same as though the territory had not been disconnected." The corresponding section of the Disconnecting Act of 1935 (Laws of 1935, p. 300,) provided that the disconnection of land should not exempt it from taxation for the purpose of·paying "any bonded indebtedness" contracted prior to the filing of the petition but, instead, that such land should be assessed and taxed for this purpose until the complete payment of the indebtedness, the same as though not disconnected. The section, as amended in 1941, differs from the earlier provision primarily in that the statute now provides that disconnection shall not exempt the disconnected territory from taxation for the purpose of paying "any indebtedness contracted by the corporate authorities of the municipality" instead of "any bonded indebtedness." In *Punke* v. *Village of Elliott,* 364 Ill. 604, we held that the Disconnecting Act of 1935 was not vulnerable to attack upon the grounds that it violated article III of our constitution, the due process clauses of the State and Federal

constitutions, sections 22 and 23 of article IV, and section 1 of article IX of the constitution of this State. The attack in the *Punke case* was leveled against the entire statute, including, of course, section 3 of the statute corresponding to section 7-43 of the present act. In *Geweke v. Village of Niles,* 368 Ill. 463, the constitutional validity of the entire statute was again challenged. We held that the Disconnecting Act of 1935 did not contravene section 14 of article II of our constitution since it provided that the disconnected land should not be exempt from taxation for bonded indebtedness previously incurred. In particular, we held that the General Assembly not only has authority to determine the territory and boundaries of various municipal corporations but, also, to change or alter them by annexing or disconnecting territory, either with or without the consent of the corporate authorities, and, further, the fact that property disconnected thereafter escapes general taxation did not render the act of 1935 obnoxious to section 23 of article IV. See, also: *True v. Davis,* 133 Ill. 522.

Defendant urged constitutional questions in the trial court and has argued them in this court. Unless, however, the constitutional questions presented are debatable, we do not assume jurisdiction of an appeal on the ground that a constitutional question is involved. (*Jenisek v. Riggs,* 381 Ill. 290.) The mere assertion that a constitutional question is involved or that a constitutional right has been invaded is insufficient, in the absence of other grounds, to confer jurisdiction. (*Economy Dairy Co. v. Kerner,* 371 Ill. 261.) The disposition of the constitutional objections directed against the section of the Disconnecting Act of 1935 corresponding to section 43 of article 7 of the Revised Cities and Villages Act is decisive of the contentions advanced and argued upon the present appeal. This court does not assume jurisdiction on direct appeal merely to refer to earlier decisions. *Kinsall v. Village of Omaha,*

395 Ill. 399; *McIntosh & Co.* v. *Village of Olympia Fields,* 384 Ill. 453.

Defendant contends, further, that the Disconnecting Act violates section 9 of article IX of our constitution, asserting that a municipal corporation cannot constitutionally be authorized to levy or collect taxes for other than corporate purposes, nor upon territory outside the corporate limits. The order of the county court specifically provided that the disconnection of plaintiffs' lands from the city should not be construed in any manner as exempting the property from taxation for the payment of debts of the municipality, contracted prior to the day plaintiffs filed their original petition. Since the order in this respect is entirely favorable to defendant, it is not in a position to urge the constitutional question sought to be presented. Again, the parties have conceded that the bonded indebtedness is an indebtedness of the municipality which will follow plaintiffs' property until the final payment of the debt. Whether a particular obligation of the city of Mt. Carroll contracted by its corporate authorities prior to the filing of a petition for disconnection of land is an indebtedness for which plaintiffs' property shall be assessed and taxed until the debt is completely paid is a question of statutory construction and, therefore, not open to review upon direct appeal to this court.

The cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*