(No. 34482.—)
IGNAC BERGIS *et al.,* Appellees, *vs.* THE VILLAGE OF
SUNNYSIDE, Appellant.

*Opinion filed January 24, 1958.*

KARL A. KOCH, of Woodstock, for appellant.

LOOZE AND KINNE, of McHenry, (HARRY C. KINNE,
JR., of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the
court:

This is a proceeding first brought in the county court of McHenry County to disconnect an area of approximately 122 acres from the village of Sunnyside. Petitioners, being 63 owners of record of lands in the area and 16 electors residing in the area, brought suit under section 39a of article 7 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1955, chap. 24, par. 7—39a,) providing for the disconnection of land from a newly organized municipality. Upon hearing, the county judge found the allegations of the petitioners to be true and ordered the area to be disconnected.

The village of Sunnyside was organized by an election held on May 12, 1956. On January 7, 1957, this petition was filed. The statute provides the action must be brought within one year of the organization of the municipality, must be to disconnect an area containing 20 acres or more upon the border of the municipality, the disconnection of which will not result in isolation of any part of the municipality from the remainder, and which is not wholly bounded by one or more municipalities, or wholly bounded by one or more municipalities and a river or lake. The petition must be directed to the county judge and signed by a majority of the electors residing within the territory to be disconnected, and by a majority of owners of record of land in such territory, representing a majority of the area of land in such territory. The village first moved to dismiss the petition for the reason that the statute providing this remedy is unconstitutional as arbitrary, unreasonable, and indefinite in that it does not define the word "elector," does not provide a reasonable method of review, and does not provide for the payment of costs of defense by a newly incorporated municipality. The motion was denied.

Thereafter certain owners of land in the area petitioned the court to separate the area into separate plots and require proof that a majority of owners and electors signed the petition. This petition was denied.

The court then proceeded to hear the cause, and the counsel for the village stipulated that the area seeking disconnection was on the border but within the municipality, contained more than 20 acres, if disconnected would isolate no part of the municipality, would not be a territory bounded by one or more municipalities, or one or more municipalities and a lake or river, and that a majority of the owners of a majority of the land signed the petition.

After hearing and order the village filed a motion to vacate the disconnection order, which was denied, holding the statute constitutional. Thereupon the village brought their appeal directly to this court, the constitutionality of a statute being involved.

The only issue left to be tried at the hearing was the number of electors in the area to be disconnected, and whether a majority of them signed the petition. The issues presented on this appeal are (1) whether section 39a of article 7 of the Revised Cities and Villages Act, is unconstitutional, and (2) whether petitioners proved a majority of the electors residing in the area signed the petition.

The village urges that the statute providing for this disconnection proceeding is unconstitutional for the reason that no provision is made for recovering, from petitioners, the attorneys' fees and other costs connected with the defense of this kind of proceeding incurred by the village; and that such expenses are not the ordinary expenses of operating a municipality, are not incurred for the benefit of the municipality, but for the benefit of the property owners and electors in the disconnecting area, and hence the statute violates section 2 of article II of the constitution of Illinois providing that "No person shall be deprived of life, liberty or property, without due process of law." The villages cites no authority in support of this proposition. However, no taxpayer has any vested right in the village as a municipal corporation or any guaranty that its boundaries will remain unchanged or that it may not lose its

corporate life. Those hazards are incident to the ownership of property within a city or village. The taxation of owners of property remaining within the municipality does not deny due process, nor does it discriminate against resident and nonresident taxpayers. The disconnected taxpayers remain subject to taxation for the purpose of paying any indebtedness incurred by the municipality to the date of disconnection. (*Punke* v. *Village of Elliott*, 364 Ill. 604.) The parties had had their day in court when the order of disconnection was entered. The municipality was under no obligation or compulsion to proceed with appeal or even to defend the action, unless defense was demanded by a resident. The municipality, otherwise, was vested with discretion to defend or not. The statute, therefore, is not unconstitutional for the reason urged.

The village further contends that the petitioners failed to prove that a majority of "electors" residing in the area sought to be disconnected signed the petition. The only evidence offered as to the number of electors residing in the area is that of Marie C. Bergis who testified that she canvassed the area and found 17 electors who resided therein. The village contends that the opinion of Marie C. Bergis as to who constituted "electors" was based on age, residence and length of residence in the area, and failed to include the fact of registration. The village contends that "electors" must be proved to be persons of proper age, residence, and length of residence, and must be registered voters, and the failure to prove registration causes the petitioners to fail in proof of each element of their petition.

The village offered no evidence to refute the number of electors residing in the area, except possibly adding one more to total 18, but only contends that all elements necessary to prove an "election" were not met. Section 1 of article 9 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1955, chap. 24, par. 9—1,) provides, "All persons who are entitled to vote at any general election for state

offices, and who have a permanent abode within a municipality may vote therein at any election for municipal officers." Section 2 of article 1 of said act (Ill. Rev. Stat. 1955, chap. 24, par. 1—2) defines "electors" to mean "persons qualified to vote for elective officers at municipal elections."

Section 1 of article 3 of the Election Code (Ill. Rev. Stat. 1955, chap. 46, par. 3—1,) provides that "Every person having resided in this state one year, in the county ninety days, and in the election district 30 days next preceding any election therein, and who shall be a citizen of the United States, above the age of twenty-one years, shall be entitled to vote at such election."

Article 4 of the Election Code relates to registration of electors. The village relies on section 1 of said article 4 which in the first paragraph requires that "Except as hereinafter in this Article 4 provided, it shall be unlawful for any person residing in a county containing a population of less than 500,000, to vote at any primary, general or special election at which any state or county officers are to be nominated or elected * * * unless such person is at the time of such election a registered voter under the provisions of this Article 4." (Ill. Rev. Stat. 1955, chap. 46, par. 4—1.) The village fails to note, however, that the second paragraph of this same section 1 provides that the article shall not apply to electors voting in any city, village, or incorporated town election except as provided in section 4—4 or section 4—26 of the article. Nothing contained in this record indicates that sections 4—4 or 4—26 are operative as exceptions causing the registration provisions to be operative in the village of Sunnyside.

It is obvious from the foregoing, that the legislature has differentiated between an elector and a registered voter. There being nothing in this record to indicate that the exceptions are applicable in this village, an elector in municipal elections in this village need not be registered.

That being so, the petitioners did prove that 16 of a possible 18 "electors" did sign the petition. Thus a majority of the electors, proved to reside in the district, did sign the petition, and all niceties of proof necessary to the allowance of the petition for disconnection were met.

The order of the county court of McHenry County is, therefore, affirmed.

*Order affirmed.*