In the Matter of a Petition of Certain Electors and of Certain Owners of Record of Land to Disconnect Territory from the Village of Indian Creek.
Village of Indian Creek, a Municipal Corporation, Respondent-Appellant, v. Petitioners For Disconnection, Petitioners-Appellees.

Gen. Nos. 11,373 and 11,374 (Consolidated).

Second District, Second Division.

October 17, 1960.

Harold P. Block, of Mundelein, for appellant.

Frank M. Opeka, of Chicago, for appellees.

WRIGHT, J.

This case was tried by the County Court of Lake County, Illinois, on a petition filed by certain named petitioners, hereinafter called appellees, requesting disconnection of certain territory from the Village of Indian Creek pursuant to the provisions of Section 7–39a, Chapter 24, Ill. Rev. Stat., 1957. The County Court entered an order that the territory be disconnected from the Village, and from this order the Village of Indian Creek, a municipal corporation, hereinafter referred to as appellant, takes this appeal.

Prior to the filing on July 31, 1958, of the petition for disconnection, a special election had been held on July 15, 1958, pursuant to an order of the County Court of Lake County to vote on the proposition of incorporating as the "Village of Indian Creek" certain described territory. Following the election the County Court on July 16, 1958, canvassed the results of the special election and entered an order finding that the majority of the votes cast on said proposition were in favor of incorporating and ordered the area and the inhabitants thereof incorporated under the name of Indian Creek. The court on this same date entered an order calling an election to be held on August 1, 1958, to elect village officers and on August 2, 1958, an order was entered by the County Judge canvassing the results of the election held to elect village officers and declaring certain persons duly elected officers of the village.

Appellant and appellees concur in stating to this court that no facts are in dispute and that the basic issues presented are purely questions of law involving an interpretation of the language used in Section 7–39a of the Cities and Villages Act (Chap. 24, Ill. Rev. Stat., 1957).

The first and second paragraphs of the above quoted section of the statute provides as follows:

*"Within one year of the organization of any municipality* under the provisions of Articles 2 and 3, of this Act, any territory which has been included therein may be disconnected from such municipality if the territory sought to be disconnected is (1) upon the border, but within the boundary of the municipality, (2) contains 20 or more acres, (3) if disconnected will not result in the isolation of any part of the municipality from the remainder of the municipality, and (4) if disconnected will not be a territory wholly bounded by one or more municipalities or wholly bounded by one or more municipalities and a river or lake, in the following manner:

A Written petition directed to the county judge of the county in which the territory proposed to be disconnected is located and if such territory is located in more than one county then to the county judge of the county in which the greater part of such territory may be located, which petition shall be signed by a majority of the electors, if any, residing within the territory and also signed by a majority of the owners of record of land in such territory, and also representing a majority of the area of land in such territory, *shall be filed with the clerk of the county court within one year of the organization of any municipality* under the provisions of Articles 2 and 3 of this Act. The petition shall set forth the description of the ter-

ritory to be detached from such municipality, shall allege the pertinent facts in support of the disconnection of such territory and shall pray the county judge to detach the territory from the municipality." (Emphasis Added.)

The third paragraph of this section provides that notice of the filing of said petition shall also be mailed to the presiding officer of the municipality from which the territory is sought to be disconnected. The fourth paragraph provides, in part, that if the County Judge shall find that all the allegations of the petition are true he shall grant the prayer of the petition and shall enter an order disconnecting the territory from the municipality. It is then provided that a certified copy of such order of disconnection shall be filed with the clerk of the municipality from which such territory shall be detached.

The appellant contends that the village was not organized until August 2, 1958, being the date that the County Court entered its order declaring certain persons duly elected as village officers and argues that the petition for disconnection, which was filed on July 31, 1958, was filed before the village was organized contrary to the provision of the second paragraph of Section 7–39a, supra. The appellees contend that the village was organized on July 16, 1958, being the date that the County Court entered its order declaring the village duly incorporated and that the petition for disconnection, which was filed on July 31, 1958, was not prematurely filed.

The question to be resolved in this case is concerned with the meaning of the words, "organization of any municipality under the provisions of Articles 2 and 3 of this Act" as set forth in the first paragraph of Section 7–39a, supra. Stated in its simplest terms, the question is was the Village of Indian Creek organized on July 16, 1958, being the date that the County Court

entered its order canvassing the results of the special election which had been held to vote upon the proposition of incorporating as "The Village of Indian Creek" certain described territory and declaring the village incorporated, or was it organized on August 2, 1958, being the date that the County Court canvassed the results of the election, which had been held to elect village officers, and entered its order declaring certain persons officially elected as village officers.

The question of when a municipality becomes organized within the meaning of Section 7–39a of the Cities and Villages Act, supra, is a question of first impression in this state. The parties hereto have not cited to this court any Illinois cases directly deciding this issue and our own independent research has failed to reveal any. However, there are three recent Illinois Supreme Court cases which indirectly and by dictum guide us in our determination of this issue. These cases are Bergis v. Village of Sunnyside, 13 Ill.2d 50, 147 N.E.2d 333, Anderson v. City of Rolling Meadows, 10 Ill.2d 54, 139 N.E.2d 199, and Western Nat. Bank of Cicero v. Village of Kildeer, 19 Ill.2d 342, 167 N.E.2d 169.

In Bergis v. Village of Sunnyside, supra, the Illinois Supreme Court decided that the statute providing for disconnection of land from a newly organized municipality was not unconstitutional. The court was not required to decide when a municipality is organized but stated at page 51 of 13 Ill.2d, and page 334 of 147 N.E. 2d, the following:

> "The Village of Sunnyside *was organized by an election* held on May 12, 1956. On January 7, 1957, this petition was filed. The statute provides the action must be brought within one year of the *organization* of the municipality . . ." (Emphasis Added.)

In Anderson v. City of Rolling Meadows, supra, the court held that although a city was incorporated prior to the enactment of the disconnection statute, the statute was applicable to the city. Our Supreme Court, again, was not called upon to make a determination as to the date when a municipality is organized but stated at page 56 of 10 Ill.2d and page 200 of 139 N.E.2d:

> "The statute here under consideration is typical in its form and substance of the many disconnection statutes applicable to territory situated in the various municipal corporations in this State. The following are the principal requisites for disconnection and the proof adduced in support thereof. (1) The petition must be filed within one year of the *organization* of any municipality. *The City of Rolling Meadows was organized six months and three days prior to the filing of the instant petition* . . ." (Emphasis Added.)

An examination of the record in Anderson v. City of Rolling Meadows, supra, indicates that on March 2, 1955, the County Judge of Cook County, Illinois, entered an order canvassing the results of a special election held on February 26, 1955, and he ordered and found that the territory and inhabitants in question were incorporated as a city under the general law with the corporate name, "City of Rolling Meadows." The record further reveals that the petition to disconnect was filed on August 29, 1955. When the court stated that the City of Rolling Meadows was organized six months and three days prior to the filing of the petition, it necessarily referred to the period of February 26, 1955, the date of the election on the issue of incorporation. February 26, 1955, was six months and three days prior to August 29, 1955, the date of filing of the disconnection petition. Therefore, by dictum, our Supreme Court has recognized under the provisions of Section 7–39a, Chap. 24, Ill. Rev. Stat., 1957, supra,

that the date of organization is the date upon which the election is held deciding the issue of incorporation favorably.

In Western Nat. Bank of Cicero v. Village of Kildeer, supra, the Supreme Court held that a village becomes a legal entity when the County Court declares its existence based upon an official canvass of the votes cast in the special election on the issue of incorporation. The court stated at pages 347 and 348 of the opinion as follows:

". . . Under the language of the statute, a village comes into legal existence at the time the results of the election are canvassed and the county court officially declares the result to be in favor of incorporation.

". . . Therefore, we conclude that the village in question became a legal entity when the county court declared its existence based upon an official canvass of the votes cast in the special election on the question of incorporation.

"Where a municipal corporation has been created as the result of a favorable vote at an incorporation election it remains in existence until its dissolution pursuant to express statutory provisions. . . ."

When the cases of the City of Rolling Meadows and Village of Kildeer are considered together, it appears that our Supreme Court has held that a municipal corporation is organized as the result of a favorable vote at an incorporation election. Section 3-6 of Article 3 of the Cities and Villages Act (Chap. 24, Ill. Rev. Stat., 1957) provides among other things that the returns of the election held to vote upon the proposition of incorporating certain territory as a village shall be made to and canvassed by the Judge of the County Court and any two Justices of the Peace whom he shall call to his assistance. It further provides that the results

327

of the election shall be entered upon the records of the County Court and if a majority of the votes cast at the election favor incorporation as a village under the general law, the inhabitants of the territory described in the petition are incorporated as a village under this Act with the name stated in the petition for incorporation.

The order of the County Judge canvassing the results of the election and declaring the municipality incorporated makes the election official and it, therefore follows that the municipality is organized on the date of the election held to vote upon the proposition of incorporation. It is our opinion that the Village of Indian Creek was organized on July 15, 1958, the date on which the special election was held at which the issue of incorporation was favorably decided.

██ If a municipality is to properly function, it is imperative that its boundaries be definitely fixed as soon as is reasonably possible. The provision contained in the first paragraph of Section 7–39a of the Cities and Villages Act, supra, limiting the time within which a disconnection petition may be filed to one year from the date of the organization of the municipality was unquestionably enacted for the obvious purpose of enabling a municipality organized under the Act to have its boundaries definitely established within a reasonable time, thereby insuring to the municipality the necessary stability to carry on its functions.

In the case at bar the appellees certainly followed the spirit as well as the language of the statute by filing the disconnection petition almost as soon as possible. The County Court of Lake County entered an order on July 16, 1958, declaring the Village of Indian Creek incorporated. On July 31, 1958, the petition for disconnection of territory from the Village of Indian Creek was filed. The appellees complied with the third paragraph of Section 7–39a, supra, by giving notice of the filing of the petition to the presiding officer of the

municipality and complied with the fourth paragraph of this section by filing a certified copy of the order of the County Court disconnecting the territory in question with the clerk of the municipality.

We conclude that the Village of Indian Creek was organized on July 15, 1958. It, therefore, follows that the petition for disconnection, which was filed on July 31, 1958, was filed within one year of the organization of the Village of Indian Creek and was not filed before the village was organized.

■ The appellant further contends that Section 7–39a, supra, not only requires that the petition for disconnection must be filed within one year of the date of the organization of the municipality, but also requires that the order of disconnection must be entered within one year from the date of organization and since the order of disconnection in this case was not entered until September 1, 1959, which was more than one year after the date of the organization of the municipality, the court was without jurisdiction to enter such order. With this contention, we cannot agree. It is clear from a reading of the entire section of the statute that it is the legislative intent that the action must be commenced within one year from the date of the organization of the municipality, but not necessarily concluded within one year. The instant petition was filed within one year of the organization of the municipality and, therefore, complied with the statute notwithstanding the fact that the order of disconnection was entered after the expiration of one year from the date of the organization of the municipality.

For the reasons stated, the order of the County Court of Lake County is affirmed.

Order affirmed.

CROW, P. J. and SPIVEY, J., concur.