NORTH MAINE FIRE PROTECTION DISTRICT *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF NILES *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 58936

Opinion filed June 29, 1977.

Wilhelm F. Levander, of Des Plaines, for appellants.

Richard J. Troy, of Chicago (Gayle F. Haglund, of counsel), for appellees.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

This is an action brought by the North Maine Fire Protection District, a municipal corporation (the District), and four individual taxpayers, seeking a declaratory judgment declaring section 20 of "An Act in relation to fire prevention districts" (Ill. Rev. Stat. 1965, ch. 127½, par. 21 *et seq.*) to be unconstitutional, and asking that Edward J. Barrett, as county clerk of Cook County, be restrained temporarily and permanently from removing from the tax rolls of the District any real or personal property located within its boundaries.

The District filed suit for declaratory judgment alleging the following statute unconstitutional since it (a) impairs the District's obligation of contract, (b) violates due process and (c) is vague, incomplete and contradictory.

"§20. Any territory within a fire protection district that is or has been annexed to a city, village or incorporated town that provides fire protection for property within such city, village or incorporated town is, by operation of law, disconnected from the fire protection district as of the January first after such territory is annexed to the city, village or incorporated town, or in case any such territory has been so annexed prior to the effective date of this amendatory Act of 1965, as of January 1, 1966. Such disconnection by operation of law does not occur if, within 60 days after such annexation or after the effective date of this amendatory Act of 1965, whichever is later, the fire protection district files with the appropriate court a petition alleging that such disconnection will cause the territory remaining in the district to be noncontiguous or that the loss of assessed valuation by reason of such disconnection will impair the ability of the district to render fully adequate fire protection service to the territory remaining with the district.

When such a petition is filed, the court shall set it for hearing, and further proceedings shall be held, as provided in section 15 of this Act. At such hearing, the district has the burden of proving the truth of the allegations in its petition. If there are any general obligation bonds of the fire protection district outstanding and unpaid at the time such territory is disconnected from the fire protection district by operation of this Section, such territory shall remain liable for its proportionate share of such bonded indebtedness and the fire protection district may continue to levy and extend taxes upon the taxable property in such territory for the purpose of amortizing such bonds until such time as sufficient funds to retire such bonds have been collected." Ill. Rev. Stat. 1965, ch. 127½, par. 38.3.

The trial court at the close of the plaintiffs' case entered judgment in favor of defendants and against plaintiffs. This appeal followed.

Plaintiffs' first contention on appeal is that the statute is unconstitutional because it impairs the District's obligation of contract in violation of article I, section 16, of the 1970 Illinois Constitution. Plaintiffs argue that while the statute does not impair the District's obligation of contract as far as its bonded indebtedness is concerned, it does impair the District's ability to repay nonbonded indebtedness such as an outstanding contractual obligation to the city of Des Plaines.

The District was organized and chartered in 1952 to provide fire protection for residents and property in an unincorporated area of Maine Township, Cook County, Illinois. From 1952 until December 1969, fire protection was furnished to the District by the city of Des Plaines and the village of Niles under contracts which required the District to pay certain sums to those municipalities which provided fire protection. On December 16, 1969, when the District's own fire department went into operation, the District was indebted to the city of Des Plaines in the amount of $65,000 for fire protection provided in 1968 and 1969. This amount remains unpaid.

The District depends upon annual real and personal property taxes to operate its fire department, to retire bond issues, and to pay its contractual obligations such as the $65,000 due to Des Plaines. From 1968 to 1970 the District levied annual taxes at the maximum rate permitted by statute but was unable to make any payment upon the balance due to Des Plaines.

Between April 1970 and August 1971 the village of Niles annexed four parcels within the District and between March 1967 and August 1972 the city of Des Plaines annexed 19 parcels within the District. Plaintiffs do not allege in their amended complaint, nor can we find evidence in the record that would support plaintiffs' contention on appeal, that these

disconnections of taxable property from the District would impair the District's ability to meet its contractual obligations. Even assuming *arguendo* that the District could meet its obligation if these parcels were still connected to the District, nevertheless, the disconnection would not constitute an impairment of obligation of contract. A similar argument was advanced by plaintiff in the case of *In re Roberts Park Fire Protection District* (1975), 61 Ill. 2d 429, 337 N.E.2d 8. The Illinois Supreme Court rejected this contention stating:

" 'The record reveals that the District's indebtedness is the result of contracts executed since 1970. Section 20 was enacted by House Bill 105 in 1965. (Ill. Rev. Stat. 1965, ch. 127½, par. 38.3.) The District's argument, therefore, is without merit, since the law was in effect at the time the contracts were executed. 'The constitutional provision denying the power to pass any law impairing the obligation of a contract has reference only to a statute enacted after the making of a contract.' *People v. Ottman*, 353 Ill. 427, 430; *Chmelik v. Vana*, 31 Ill. 2d 272, 281." (61 Ill. 2d 429, 441.)

Similarly in the instant case, the District's nonbonded indebtedness is the result of contracts made in 1968 and 1969, well after the enactment of the challenged statute in 1965. We find *Roberts Park* dispositive of this issue, and therefore the statute does not impair the District's obligation of contract.

Plaintiffs next argue that section 20 violates due process in that the statute makes no provision for the consideration of more than one annexation at a time and can therefore not take into account the "chipping away" effect that could result if several municipalities annexed parcels at the same time. Plaintiffs cite no cases in support of this argument. Statutes permitting annexation or disconnection have generally been held not to violate any constitutional mandate of due process. *People ex rel. Curren v. Wood* (1945), 391 Ill. 237, 62 N.E.2d 809; *Punke v. Village of Elliott* (1936), 364 Ill. 604, 5 N.E.2d 389.

Plaintiffs then suggest it violates due process to require the District to take affirmative action such as filing a petition within 60 days after annexation to prevent disconnection. The *Roberts Park* court examined the legislative intent of the statute and came to the conclusion that a reading of the statute in question "indicates that the legislature has favored disconnection in these circumstances by placing on the district the burden of proving an impairment of its ability to provide fully adequate fire protection." (61 Ill. 2d 429, 438.) Clearly the Illinois Supreme Court did not find this procedure unconstitutional, but rather, consistent with legislative intent. Plaintiffs have the burden of proving the unconstitutionality of the statute they challenge (*Locust Grove Cemetery*

*Association v. Rose* (1959), 16 Ill. 2d 132, 156 N.E.2d 577) and in the instant case have failed to show any deprivation of due process.

Plaintiffs next argue that section 20 is unconstitutionally vague, incomplete and an unlawful delegation of legislative function. Plaintiffs charge that the statute does not define the terms "impair the ability" and "fully adequate fire protection service." In construing a statute the cardinal rule is to ascertain and give effect to the legislative intent as expressed in the statute. (*People ex rel. Hanrahan v. White* (1972), 52 Ill. 2d 70, 285 N.E.2d 129.) In the *Roberts Park* case the Illinois Supreme Court construed those two phrases as follows: "A disconnection by operation of law is to be prohibited when it will result in a *material* impairment of the fire district's ability to render fully adequate fire protection." (Emphasis added.) 61 Ill. 2d 429, 438.

Plaintiffs state that the statute is incomplete and contradictory in that it does not set forth the consequences of various hypothetical situations that could arise under the statute. They ask whether automatic disconnection takes place if the District fails to file a petition within the specified time. A careful reading of the statute indicates that after the annexation takes place, the territory is disconnected by operation of law unless a timely petition is filed. They then ask if the petition is filed on December 27 of a given year, does the disconnection take place on January 1 of the following year or 60 days later after time to file the petition? Because this question is not specifically answered plaintiffs claim its provisions are patently contradictory. However, they allege no facts in the instant case which would require this court to consider this question. Should such a circumstance arise the statute provides that the District file a petition "with the appropriate court" which could at that time interpret the statute. Finally, they ask the status of a parcel within the District which was annexed by, and later disconnected from, a municipality, which results in territory noncontiguous to the District. Plaintiffs state that the statute is therefore incomplete and contradictory in that it does not set forth the consequences of this situation which could arise under the statute as presently written. We do not believe, however, that this question or any of these situations assume constitutional proportions, but rather that each could be decided on the facts of a particular case and controversy should the circumstances arise.

Finally, plaintiffs argue that the statute is contradictory in that it unconstitutionally permits a judge to determine the boundaries of a fire protection district, thus usurping the legislative power to do so. The section in question provides explicit procedures for a court challenge by such a district to the automatic disconnection of some of its territory and article 7 of the Illinois Municipal Code of 1961 (Ill. Rev. Stat. 1961, ch. 24, par. 7—1—1 *et seq.*) specifies other methods of altering boundaries of

municipalities when a fire protection district is involved. We find no improper delegation of power.

In our opinion plaintiffs have failed to overcome the presumption of constitutionality which attaches to legislative enactments (*Locust Grove Cemetery Association v. Rose* (1959), 16 Ill. 2d 132, 138-39), and, therefore, the trial court correctly granted defendants' motion for judgment at the close of plaintiffs' case.

Affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.